**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :
YASMIN MOHAMED p/k/a Yasminah,               :
                                             :   Civil Action No. 18-cv-8469 (JSR)
                 Plaintiff,                  :
                                             :   REPORT RE CIVIL CASE
        v.                                   :   MANAGEMENT PLAN
                                             :
ABEL MAKKONEN TESFAYE, etc., et al.,         :
                                             :
                 Defendants.                 :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

Plaintiff Yasmin Mohamed and Defendants Abel Makkonen Tesfaye, Jason Quenneville, The Weeknd XO, LLC (incorrectly sued as XO Records, LLC), and Republic Records, a division of UMG Recordings, Inc. (the "Appearing Defendants") respectfully submit this Report in advance of the initial pretrial conference on November 7, 2018, at 11:00 a.m.

**Summary of Status of Case:**

On October 25, 2018, Plaintiff and the Appearing Defendants stipulated to the Appearing Defendants' counsel's acceptance of service of the Summons and Complaint, agreeing their response thereto will be due on or before Thursday, November 15, 2018.

Also on October 25, 2018, Plaintiff and the Appearing Defendants conducted a telephonic meeting to discuss the matters required under Rule 26(f), including their respective claims and defenses and the possibilities for settlement. They also discussed their respective obligations to preserve discoverable information.

The Appearing Defendants will jointly with plaintiff check with Chambers beforehand but respectfully propose that, in lieu of a telephonic conference with the Court in accordance with the Court's Individual Rules of Practice, they will raise with the Court at the initial pretrial conference that they intend to respond to the Complaint by filing a motion to dismiss for lack of personal jurisdiction and/or to transfer the action to the United States District Court for the Central District of California, based on, among other

things, the following facts: that they are domiciled in California and that Plaintiff is also a domiciliary of California; that none of the parties have minimum contacts with the State of New York; and Appearing Defendants have defenses and potential cross-claims based upon an agreement governed by the law of California and providing for exclusive jurisdiction in California. Plaintiff will oppose that motion and, if necessary, seek jurisdictional discovery. The parties propose the following briefing schedule on the Motion:

1. The Appearing Defendants' moving papers shall be filed and served by November 21, 2018;

2. Plaintiff's opposition papers shall filed and served by December 19, 2018; and

3. The Appearing Defendants' reply papers shall be filed and served by January 9, 2018.

The service status of the other named Defendants —Guillaume Emmanuel de Homem-Christo, Thomas Bangalter, Martin McKinney, Henry Walter, William Uschold, Tyrone Dangerfield, and Squad Music Group – is set forth in the attached *Schedule A*.

Plaintiff's counsel advise that they have been diligently attempting service on the Defendants not yet served, some of whom are touring musicians and/or are believed to reside outside the United States. Plaintiff's counsel also advise that they are proceeding via their investigator and the Hague Convention to investigate and serve the Unserved Defendants.

**Summary of Proposed Dates**

Subject to the Court's approval, and based on (i) the motion jurisdictional motion contemplated above, (iii) the remaining parties to be served, and (iii) the fact that there will likely be cross-claims by the Appearing Defendants against some or all of the Unserved Defendants; counsel for Plaintiff and counsel for the Appearing Defendants respectfully propose that the Court amend its Notice of Court Conference filed October 2, 2018 to reflect a ready for trial date of July 16, 2019 and that the following schedule, which also is set forth in the accompanying proposed Order, contemplates that the case will be ready for trial 5 months from the parties' estimate of the Court's determination of the motion to dismiss/transfer. This proposed schedule incorporates additional time for Plaintiff to serve the Unserved Defendants, for any cross-claims to be asserted, and for the jurisdictional motion and any jurisdictional discovery ordered to be fully submitted:

A. The case (is) (is not) to be tried to a jury.

 B. Joinder of additional parties must be accomplished by March 29, 2019.

 C. Amended pleadings may be filed without leave of Court until March 29, 2019.

 D. Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

  1. <u>Documents.</u> First request for production of documents, if any, must be served by February 8, 2019. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 6 below.

  2. <u>Interrogatories</u>. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by February 8, 2019. No other interrogatories are permitted except upon prior express permission of Judge Rakoff. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

  3. <u>Experts.</u> Each party-proponent who bears the burden of proof on any claim, counterclaim, cross-claim, third-party claim or defense, who intends to offer expert testimony in respect of such claim or defense must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by June 7, 2019. Every party-opponent of such claim or defense who intends to offer expert testimony in opposition thereto must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by June 21, 2019. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time -limit for all depositions set forth below.

  4. <u>Depositions.</u> All depositions (including any expert depositions, see item 3 above) must be completed by July 26, 2019. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(l) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

  5. <u>Requests to Admit.</u> Requests to Admit, if any, must be served by February 8, 2019. No other Requests to Admit are permitted except upon prior express permission of Judge Rakoff.

  6. All discovery is to be completed by July 26, 2019. Interim deadlines for items 1-5 above may be extended by the parties on consent without application to the Court, provided the parties are <u>certain</u> they can still meet the discovery completion date set forth in this paragraph. The discovery completion date may be adjourned only upon a showing to the Court of extraordinary circumstances, and may not be extended on consent.

 E. Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought on without further consultation with the Court provided that a notice of any such motion, in the form specified in the Court's Individual Rules of Practice, is filed no later than one week following the close-of-discovery date (item D-6 above) and provided that the moving papers are served by August 9, 2019, answering papers by August 30, 2019, and reply papers by September 13, 2019. Each

party must file its respective papers with the Clerk of the Court on the same date that such papers are served. Additionally, on the same date that any papers are served and filed, counsel filing and serving the papers must arrange to deliver courtesy non-electronic hard copies to the Courthouse for delivery to Chambers.

F. A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions, shall be held on [date to be set by the Court], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

G. All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

Dated:   October 25, 2018
         New York, New York

By:   /s/ *Scott Alan Burroughs*
      Scott Alan Burroughs
      DONIGER / BURROUGHS
      231 Norman Avenue, Suite 413
      Brooklyn, New York 11222
      (310) 590-1820

              -and-

      Steven T. Lowe
      Kris S. Lefan
      (*pro hac vice* applications to be submitted)
      LOWE & ASSOCIATES
      8383 Wilshire Boulevard, Suite 1038
      Beverly Hills, California 90211
      (310) 477-5811

      *Attorneys for Plaintiff Yasmin Mohamed*

By:   /s/ *Marcia Paul*
      Marcia Paul, Esq.
      DAVIS WRIGHT TREMAINE LLP
      1251 Avenue of the Americas
      21st Floor
      New York, NY 10020-1104
      (212) 489-8230
      *Counsel for Defendants*
      *Abel Makkonen Tesfaye, Jason Quenneville, The Weeknd XO, LLC (incorrectly sued as XO Records, LLC), and Republic Records, a division of UMG Recordings, Inc.*

              -and-

4

LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Peter J. Anderson, Esq.
(*pro hac vice* admission pending)
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
(310) 260-6030
*Attorneys for Defendants Abel Makkonen Tesfaye, Jason Quenneville, The Weeknd XO, LLC (incorrectly sued as XO Records, LLC), and Republic Records, a division of UMG Recordings, Inc.*