**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
YASMIN MOHAMED p/k/a Yasminah,                :
                                              :   Civil Action No. 18-cv-8469 (JSR)
                 Plaintiff,                   :
                                              :   CIVIL CASE
            v.                                :   MANAGEMENT PLAN
                                              :
ABEL MAKKONEN TESFAYE, etc., et al.,          :
                                              :
                 Defendants.                  :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

After consultation with counsel for Plaintiff Yasmin Mohamed and Defendants Abel Makkonen Tesfaye, Jason Quenneville, The Weeknd XO, LLC (incorrectly sued as XO Records, LLC), and Republic Records, a division of UMG Recordings, Inc., the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

   A.   The case (**is**) (is not) to be tried to a jury.

   B.   Joinder of additional parties must be accomplished by March 29, 2019.

   C.   Amended pleadings may be filed without leave of Court until March 29, 2019.

   D.   Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

        1.   <u>Documents.</u>   First request for production of documents, if any, must be served by February 8, 2019. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 6 below.

        2.   <u>Interrogatories</u>. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by February 8, 2019. No other interrogatories are permitted except upon prior express permission of Judge Rakoff. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

        3.   <u>Experts.</u> Each party-proponent who bears the burden of proof on any claim, counterclaim, cross-claim, third-party claim or defense, who intends to offer expert testimony in respect of such claim or defense must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by June 7, 2019. Every party-opponent of such claim or defense who intends to offer expert testimony in opposition thereto must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by June 21, 2019. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be

made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time-limit for all depositions set forth below.

    4. <u>Depositions.</u> All depositions (including any expert depositions, see item 3 above) must be completed by July 26, 2019. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(l) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

    5. <u>Requests to Admit.</u> Requests to Admit, if any, must be served by February 8, 2019. No other Requests to Admit are permitted except upon prior express permission of Judge Rakoff.

    6. All discovery is to be completed by July 26, 2019. Interim deadlines for items 1-5 above may be extended by the parties on consent without application to the Court, provided the parties are <u>certain</u> they can still meet the discovery completion date set forth in this paragraph. The discovery completion date may be adjourned only upon a showing to the Court of extraordinary circumstances, and may not be extended on consent.

    E. Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought on without further consultation with the Court provided that a notice of any such motion, in the form specified in the Court's Individual Rules of Practice, is filed no later than one week following the close-of-discovery date (item D-6 above) and provided that the moving papers are served by August 9, 2019, answering papers by August 30, 2019, and reply papers by September 13, 2019. Each party must file its respective papers with the Clerk of the Court on the same date that such papers are served. Additionally, on the same date that any papers are served and filed, counsel filing and serving the papers must arrange to deliver courtesy non-electronic hard copies to the Courthouse for delivery to Chambers.

    F. A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions, shall be held on [date to be set by the Court], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

    G. All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

    <u>SO ORDERED</u>.

Date: _____              _____
                                                                     JED S. RAKOFF
                                                                     U.S.D.J