UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YASMIN MOHAMED p/k/a YASMINAH,

    Plaintiff,

v.

REPUBLIC RECORDS, et al.

    Defendants.

---

Case No. 1:18-cv-08469-JSR

**DECLARATION OF THOMAS BANGALTER
IN
SUPPORT OF MOTION TO DISMISS**

    I, THOMAS BANGALTER, declare under penalty of perjury of the laws of the United States as follows:

    1. I am a defendant in the above-captioned lawsuit. I submit this declaration in support of my motion to dismiss the lawsuit for lack of personal jurisdiction. The following statements are based on my personal knowledge and my review of the documents referenced in this declaration.

    2. I, along with Guillaume Emmanuel Homem Christo (erroneously sued as "Guillaume Emmanuel de Homem-Christo"), comprise the members of the band professionally known as "Daft Punk."

    3. It is my understanding the plaintiff has filed this lawsuit against Mr. de Homem-Christo and me in our individual capacities and that the lawsuit arises in connection with a claim

that the musical composition and sound recording entitled "*Starboy*" infringes a musical composition entitled "*Hooyo*".

4. It is also my understanding that the plaintiff has filed this lawsuit in the United States District Court for the Southern District of New York.

5. I am a citizen of France, where I currently reside and have resided at all times relevant to the lawsuit.

6. I vote in France and do not vote in any other country.

7. Most of my personal life is based in France, and I have had few contacts with the State of New York for personal or business reasons, as I will explain below.

8. I neither own nor rent any real property in the State of New York. I have not owned or leased property in the State of New York in the last three years. I have not used any property in the State of New York (with the exception of hotels and/or temporary lodging) in the last three years.

9. I own no bank accounts in the State of New York.

10. I do not, in my individual capacity, own any business entities that are incorporated or have a principal place of business in the State of New York.

11. I do not hold more than 10% interest in any business entity that maintains offices in the State of New York.

12. To the best of my knowledge, in the last three years, I have not had contracts with, and have not been employed by, any business entity with offices in New York.

13. I do not, in my individual capacity, own any businesses that employ individuals in the State of New York.

14. I have not paid taxes to the State or City of New York in the last five years.

15. I do not own a New York driver's license or any form of identification issued by the State of New York.

16. I have not been served with process in the State of New York for this or any other lawsuit.

17. In the past five years, I have been present in the State of New York for personal reasons on only one occasion—a six day vacation in September 2017. That vacation involved no business activities on behalf of Daft Punk.

18. Similarly, as a member of Daft Punk, I have had few if any contacts with the State of New York.

19. Mr. Homem Christo and I formed Daft Punk in Paris, France in the early 1990s.

20. To the extent I receive royalty payments on account of my membership in Daft Punk, I receive those royalty payments in France.

21. I have no contracts with any record company or music publisher based in the State of New York.

22. We have not performed a Daft Punk tour in the State of New York in over a decade. To the best of my knowledge, the last time a Daft Punk tour performance occurred in the State of New York was in 2007, well before the creation of *Starboy*. We have not performed as guest artists in the State of New York since 2010.

23. In the past five years, I was present in the State of New York for activities related to Daft Punk on only one occasion—a seven-day visit in March to April 2015, in which I participated as a representative of Daft Punk in two photoshoots and one dinner over the course of only three days. That visit predated the creation of *Starboy* and those activates had no connection to *Starboy*.

24. In July 2016, I signed an agreement (the "Production Agreement") with The Weeknd XO Inc. on behalf of Mr. Homem Christo's and my production company Daft Trax S.a.r.l. to provide guest-artist services on the *Starboy* recording. The Production Agreement is attached hereto as **Attachment A**. Daft Trax S.a.r.l. is a limited liability corporation organized in, and operated out of, France. Daft Trax S.a.r.l. has no physical offices in New York, has no employees that work in New York, and is not registered to do business in New York.

25. The Production Agreement was negotiated by Daft Punk's manager in Los Angeles, California and lawyer in the United Kingdom. I signed the agreement in France. It is my understanding based on the contract language that the Weeknd XO Inc. is located in California.

26. As made clear in the Production Agreement, the Weeknd XO Inc. hired Daft Trax S.a.r.l. to provide production services for *Starboy*, which was intended for inclusion on the Weeknd's forthcoming album. Neither Daft Punk nor Daft Trax S.a.r.l. distributed the album or the *Starboy* recording. Neither Daft Punk nor Daft Trax S.a.r.l. have any contractual agreement with any entity or individual by which the entity or individual would distribute, sell, or transmit the *Starboy* recording or the album embodying *Starboy*.

27. All of my contributions to *Starboy* took place exclusively in France, and no part of my contributions took place in the United States.

28. I have never engaged in any promotional activity for *Starboy* while I was present in the State of New York.

29. I have never performed *Starboy* in the State of New York.

30. I did not, in my individual capacity, have any part in reproducing, publishing, and/or promoting *Starboy*.

31. It will cause me great inconvenience and expense to litigate this lawsuit in New York. Because I neither own nor rent property in New York, any requirement that I attend any hearing or provide testimony will require me to expend considerable sums of money and travel to a part of the country to which I have little if any connection.

32. Much of that inconvenience and expense can be avoided if this lawsuit were litigated in California. I have stronger connection to California. I own a house in Los Angeles. I purchased that house over 10 years ago and travel there frequently. I also part own a business located in Los Angeles. My manager is based out of Los Angeles, California, as well.

Dated: November 17, 2018

THOMAS BANGALTER