UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YASMIN MOHAMED p/k/a YASMINAH,

        Plaintiff,

v.

REPUBLIC RECORDS, et al.

        Defendants.

Case No. 1:18-cv-08469-JSR

## DECLARATION OF GUILLAUME EMMANUEL HOMEM CHRISTO
## IN
## SUPPORT OF MOTION TO DISMISS

    I, GUILLAUME EMMANUEL HOMEM CHRISTO (erroneously sued as "Guillaume Emmanuel de Homem-Christo"), declare under penalty of perjury of the laws of the United States as follows:

    1.    I am a defendant in the above-captioned lawsuit. I submit this declaration in support of my motion to dismiss the lawsuit for lack of personal jurisdiction. The following statements are based on my personal knowledge and my review of the documents referenced in this declaration.

    2.    I, along with Thomas Bangalter, comprise the members of the band professionally known as "Daft Punk."

    3.    It is my understanding the plaintiff has filed this lawsuit against Mr. Bangalter and me in our individual capacities and that the lawsuit arises in connection with a claim that the

musical composition and sound recording entitled "*Starboy*" infringes a musical composition entitled "*Hooyo*."

4. It is also my understanding that the plaintiff has filed this lawsuit in the United States District Court for the Southern District of New York.

5. I am a citizen of France, where I currently reside and have resided at all times relevant to the lawsuit.

6. I vote in France and do not vote in any other Country.

7. Most of my personal life is based in France, and I have had few contacts with the State of New York for personal or business reasons, as I will explain below.

8. I neither own nor rent any real property in the State of New York. I have not owned or leased property in the State of New York in the last three years. I have not used any property in the State of New York (with the exception of hotels and/or temporary lodging) in the last three years.

9. I do not own bank accounts in the State of New York.

10. I do not, in my individual capacity, own any business entities that are incorporated or have a principal place of business in the State of New York.

11. I do not hold more than 10% interest in any business entity that maintains offices in the State of New York.

12. To the best of my knowledge, in the last three years, I have not had contracts with, and have not been employed by, any business entity with offices in New York.

13. I do not, in my individual capacity, own any businesses that employ individuals in the State of New York.

14. I have not paid taxes to the State or City of New York in the last five years.

15. I do not own a New York driver's license or any form of identification issued by the State of New York.

16. I have not been served with process in the State of New York for this or any other law suit.

17. In the past five years, I have been present in the State of New York for personal reasons on only three occasion—a ten-day vacation in July 2015, an eleven-day vacation in June to July 2016, and a thirteen-day vacation in October to November 2017. Those vacations did not involve business activities on behalf of Daft Punk.

18. As a member of Daft Punk, I have had few if any contacts with the State of New York.

19. Mr. Bangalter and I formed Daft Punk in Paris, France in the early 1990s.

20. To the extent I receive royalty payments on account of my membership in Daft Punk, I receive those royalty payments in France.

21. I have no contracts with any record company or music publisher based in the State of New York.

22. We have not performed a Daft Punk tour in the State of New York in over a decade. To the best of my knowledge, the last time a Daft Punk tour performance occurred in the State of New York was in 2007. That was years before the creation of *Starboy*. We have not performed as guest artists in the State of New York since 2010.

23. In the past five years, I was present in the State of New York for activities related to Daft Punk on only one occasion—a ten-day visit in March to April 2015, in which I participated in promotional activity as a representative of Daft Punk in two photoshoots. I recall that Mr. Bangalter was present in the State of New York during that visit for seven days, but I remained

there for an extra three days on personal vacation. That visit predated the creation of *Starboy* and those activates had no connection to *Starboy*.

24. In July 2016, I signed an agreement (the "Production Agreement") with The Weeknd XO Inc. on behalf of Mr. Bangalter's and my production company Daft Trax S.a.r.l. to provide guest-artist services on the *Starboy* recording. The Production Agreement is attached to Mr. Bangalter's Declaration as **Attachment A**. Daft Trax S.a.r.l. is a limited liability corporation organized in, and operated out of, France. Daft Trax S.a.r.l. does not have physical offices in New York or employees that work in New York, and it is not registered to do business in New York.

25. The Production Agreement was negotiated by Daft Punk's manager in Los Angeles, California and lawyer in the United Kingdom. I signed the agreement in France. It is my understanding based on the contract language that the Weeknd XO Inc. is located in California.

26. As made clear in the Production Agreement, the Weeknd XO Inc. hired Daft Trax S.a.r.l. to provide production services for *Starboy*, which was intended to be used on The Weeknd's forthcoming album. Neither Daft Punk nor Daft Trax S.a.r.l. distributed the album or the *Starboy* recording. Neither Daft Punk nor Daft Trax S.a.r.l. have any contractual agreement with any entity or individual by which the entity or individual would distribute, sell, or transmit the *Starboy* recording or the album embodying *Starboy*.

27. All of my contributions to *Starboy* took place exclusively in France, and no part of my contributions took place in the United States.

28. I have not engaged in any promotional activity for *Starboy* while I was present in the State of New York.

29. I have never performed *Starboy* in the State of New York.

30. I did not, in my individual capacity, haveany part in reproducing, publishing, and/or promoting *Starboy*.

31. It will be extremely inconvenient and expensive for me to have to litigate this lawsuit in New York. Because I do not own or rent property in New York, any requirement that I attend any hearing or provide testimony will require me to expend considerable sums of money and travel to a part of the country to which I have little connection.

32. Much of that inconvenience and extra expense would be avoided if this lawsuit were moved to California. I part own a business located in Los Angeles, California. In addition, my manager is located in Los Angeles, California. He will have access to Daft Punk's documents and information.

Dated: November 17, 2018

_____
GUILLAUME EMMANUEL HOMEM CHRISTO