UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
Yasmin Mohamed p/k/a Yasminah,

                Plaintiff,

     v.

Abel Makkonen Tesfaye p/k/a The Weeknd;
Guillaume Emmanuel de Homem-Christo and
Thomas Bangalter p/k/a Daft Punk; Martin
McKinney p/k/a Doc; Henry Walter p/k/a Cirkut;
Jason Quenneville p/k/a DaHeala, XO Records,
LLC; Republic Records; Universal Music Group;
William Uschold p/k/a WILL U; Tyrone
Dangerfield p/k/a TABOO!!; Squad Music
Group; and DOES 1-10,

                Defendants.
------------------------------------------------------------ x

Case No. 18-cv-8469 (JSR)

# DECLARATION OF PETER J. ANDERSON
**IN SUPPORT OF MOTION TO DISMISS OR TRANSFER**

I, Peter J. Anderson, declare and state:

1. I am a partner in the firm of Davis Wright Tremaine LLP, counsel for certain of the defendants in the above-captioned action. I am an attorney admitted to practice in the State of California and am admitted *pro hac vice* in this action. I am over the age of 18 and have personal knowledge of the following facts, except those stated on information and belief and which I believe to be true.

2. This firm represents defendants Abel Tesfaye, Jason Quenneville, and The Weeknd XO, LLC ("Weeknd XO") (for convenience only, the "Weeknd Defendants"), and UMG Recordings, Inc. ("UMG Recordings") in this action. This declaration is submitted in support of the Weeknd Defendants and UMG Recordings' motion to dismiss for improper venue, and the

1

Weeknd Defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a) or dismiss for lack of personal jurisdiction.

3. I am familiar with the written Manufacturing Agreement dated as of August 22, 2012, between Universal Music Canada, Inc., and CP Records, Inc., for the territory of Canada. That agreement identifies Universal Music Canada, Inc.'s address as 2450 Victoria Park Avenue, Suite 1, Toronto, Ontario M2J 5H3, and identifies CP Records, Inc.'s address as 3341 Bloor St., Suite 77, Toronto, Ontario M8X 1E9. That agreement contains extensive confidential financial and other terms and, for reasons of confidentiality, a copy is not attached to this Declaration. However, a copy of that agreement and the other agreement identified below, with irrelevant confidential information redacted, are being produced to Plaintiff's counsel pursuant to the jurisdictional discovery directed by the Court and Plaintiff's agreement to maintain their confidentiality. As a result, Plaintiff will be able to bring to the Court's attention any provisions relevant to the pending motion.

4. Attached to this Declaration as **Exhibit 1** is a true and correct copy of the results of the search of Canada's Internet website, https://www.ic.gc.ca/app/scr/cc/CorporationsCanada/fdrlCrpSrch.html, for CP Records, Inc., and identifying CP Records, Inc., now inactive, as a corporation formed under the Canadian Business Corporations Act.

5. I also am familiar with the written Exclusive Manufacturing, Distribution, and License Agreement dated as of August 17, 2012, between "Universal Republic Records, a division of UMG Recordings, Inc.," and XO&co inc., for the United States and the rest of the world except Canada. That 2012 agreement identifies Universal Republic Records' address as 1755 Broadway, New York, New York 10019, and identifies XO&co inc.'s address as c/o Shalinsky & Company,

40 Holly Street, Suite 302, Toronto, Ontario M4S 3C3.  That agreement also contains extensive confidential financial and other terms and, for reasons of confidentiality, a copy is not attached to this Declaration, but is being produced to Plaintiff, with irrelevant confidential information redacted, pursuant to the jurisdictional discovery directed by the Court and Plaintiff's agreement to maintain the agreement's confidentiality.

6.      Attached to this Declaration as **Exhibit 2** is a true and correct copy of the results of the search of the California Secretary of State's website, https://businesssearch.sos.ca.gov/, for UMG Recordings and identifying it as a Delaware corporation with its principal place of business at 2220 Colorado Avenue, Santa Monica, California, 90404.  The California Secretary of State's website allows the public to download PDF copies of filings, such as annual statements received by the California Secretary of State.  Attached as the indicated Exhibits are true and correct copies of the following documents I downloaded from the California Secretary of State's website:

(a)     **Exhibit 3**: UMG Recordings' Statement of Information filed with the California Secretary of State on June 29, 2017, identifying UMG Recordings' principal executive office as 2220 Colorado Avenue, Santa Monica, California, 90404; and

(b)     **Exhibit 4**: UMG Recordings' Statement of Information filed with the California Secretary of State on July 31, 2018 and indicating no change in the information in the preceding Statement of Information.

7.      I am informed and believe that, prior to the 2016 creation and release of *Starboy*, Weeknd XO succeeded to the 2012 agreements identified in paragraphs 3 and 5 of this Declaration. Attached to this Declaration as **Exhibit 5** is a true and correct copy of the results of the search of the California Secretary of State's website for Weeknd XO and identifying Weeknd XO as a Delaware corporation with its principal place of business at 16000 Ventura Boulevard, Suite 600,

Encino, California 91436. Attached as the indicated Exhibits are true and correct copies of the following documents I downloaded from the California Secretary of State's website:

(a) **Exhibit 6**: Weeknd XO's Application to Register a Foreign Corporation (LLC) filed with the California Secretary of State on July 15, 2016, identifying Weeknd XO as a Delaware limited liability company whose address is 16000 Ventura Boulevard, Suite 600, Encino, California 91436, and including a copy of the Delaware Secretary of State's certification that the Weeknd XO was formed under Delaware law.

(b) **Exhibit 7**: Weeknd XO's Statement of Information filed with the California Secretary of State on November 14, 2017, identifying Weeknd XO's principal executive office as 16000 Ventura Boulevard, Suite 600, Encino, California 91436; and

(c) **Exhibit 8**: Weeknd XO's Statement of Information filed with the California Secretary of State on July 10, 2018, identifying Weeknd XO as a Delaware company and indicating no change in the information in the preceding Statement of Information.

8. I searched the New York Division of Corporations Internet website, https://www.dos.ny.gov/corps/bus_entity_search.html, for Weeknd XO, and attached to this Declaration as **Exhibit 9** is a true and correct copy of the search results, namely that "No business entities were found for The Weeknd XO, LLC."

9. Plaintiff refers in paragraphs 33–36 of her Complaint, to a lawyer who represented her and her California alleged co-authors in connection with the 2017 settlement of the claims they asserted. I understand from Mr. Tesfaye's transactional counsel that the lawyer is Na'il Benjamin. Attached as **Exhibit 10** to this Declaration is a true and correct copy of the search results of the California State Bar's Internet website, http://members.calbar.ca.gov/fal/LicenseeSearch/QuickSearch?ResultType=0&SearchType=0&

SoundsLike=False, for Mr. Benjamin, and identifying him as a lawyer admitted to practice in California and located in Alameda County, California.

10. I am familiar with the 2017 settlement agreement referenced in Plaintiff's Complaint, and that settlement agreement contains confidential information and an express confidentiality clause. However, I confirm that it provides that it is governed by the laws of the State of California and that "[a]ny legal action or proceeding arising from or relating to this agreement must be brought in the federal or state courts located in Alameda County, California (the 'California Courts') and not in any other court or jurisdiction."

11. Prior to filing this action, Plaintiff's California counsel, the Lowe Law firm, asserted copyright infringement and other claims against Mr. Tesfaye and others. When Mr. Tesfaye's transactional counsel did not provide a document requested by Plaintiff's California counsel, her counsel e-mailed to him a draft Complaint in the Central District of California, which alleged at paragraph 5 that Mr. Tesfaye resides in Los Angeles, California. Attached to this Declaration as **Exhibit 11** is a true and correct copy of that Complaint.

12. In correspondence from the Lowe Law firm to Mr. Tesfaye's counsel on the alleged merits of Plaintiff's claim, they claimed that, as a result of *Davis v. Blige*, 505 F.3d 90 (2d Cir. 2007), Plaintiff's co-authors' release of the threatened copyright infringement claim did not bar Plaintiff's assertion of that claim. In a letter to Plaintiff's California counsel in response, I raised that the Ninth Circuit has not adopted *Davis v. Blige* and, instead, under established Ninth Circuit law, a co-author's release of a copyright claim bars other co-authors from asserting the claim. Plaintiff's California lawyers then changed the caption of the draft Complaint, changed the allegations as to residency, including alleging in paragraph 6 that Mr. Tesfaye is a resident of New York, and proceeded to file the revised Complaint in the Southern District of New York.

13. Plaintiff's Complaint in this action identifies Plaintiff's counsel as Emily A. Danchuk and, with *pro hac vice* applications to be submitted, Plaintiff's California counsel, Scott Alan Burroughs of Doniger / Burroughs, and Steven T. Lowe and Kris S. LeFan of Lowe Law. This Court's docket establishes that after Mr. Burroughs' *pro hac vice* application was granted by the Court, he filed on October 17, 2018, a notice that Ms. Danchuk withdraws as counsel for Plaintiff (ECF No. 33), leaving only Plaintiff's California counsel as her counsel of record in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 19, 2018.

          */s/ Peter Anderson*
          PETER J. ANDERSON