# EXHIBIT 11

Steven T. Lowe SBN 122208
*steven@lowelaw.com*
Kris S. LeFan SBN 278611
*kris@lowelaw.com*
Lowe | LeFan, PC
8383 Wilshire Blvd. #1038
Beverly Hills, CA  90211
Tel: (310) 477-5811
Fax: (310) 477-7672

Attorneys for Plaintiff
Yasmin Mohamed pka Yasminah

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Yasmina Mohammed p/k/a Somalia,<br><br>Plaintiff,<br><br>v.<br><br>Abel Makkonen Tesfaye p/k/a The Weeknd; Guillaume Emmanuel de Homem-Christo and Thomas Bangalter p/k/a Daft Punk; Martin McKinney p/k/a Doc; Henry Walter p/k/a Cirkut; Jason Quenneville p/k/a DaHeala, XO Records, LLC; Republic Records; Universal Music Group; William Uschold p/k/a WILL U; Tyrone Dangerfield p/k/a TABOO!!; Squad Music Group and Does 1-10,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR:<br><br>(1) COPYRIGHT INFRINGEMENT;<br>(2) BREACH OF CONTRACT;<br>(3) BREACH OF FIDUCIARY DUTY;<br>(4) AIDING AND ABETTING BREACH OF FIDUCIARY DUTY;<br>(5) UNFAIR BUSINESS PRACTICES; AND<br>(6) AN ACCOUNTING<br><br>DEMAND FOR JURY TRIAL |

1

## JURISDICTION AND VENUE

1. This action arises under the Copyright Laws of the United States (Title 17, U.S.C. §101 et seq.) and the statutory and common law of the State of California.

2. This court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 in that this action involves claims arising under the Copyright Laws of the United States.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 in that the Defendants are subject to personal jurisdiction in that they transact substantial business within the county of Los Angeles, State of California.

## PARTIES

4. At all times mentioned herein, Plaintiff Yasmin Mohamed p/k/a "Yasminah" ("Plaintiff") was an individual residing in San Jose, California and the singer and songwriter of her original composition and sound recording entitled "Jewel of My Life" aka "Hooyo" (the "Master Recording/Composition")

5. At all times mentioned herein, Defendant Abel Makkonen Tesfaye p/k/a and hereinafter, "The Weeknd," was an individual residing and doing business in Los Angeles, California.

6. At all times mentioned herein, Defendants Guillaume Emmanuel de Homem-Christo and Thomas Bangalter p/k/a "Daft Punk" were individuals conducting business is Los Angeles, California.

7. At all times mentioned herein, Defendant Martin McKinney p/k/a "Doc" was an individual conducting business is Los Angeles, California.

8. At all times mentioned herein, Henry Walter p/k/a "Cirkut" was an individual conducting business is Los Angeles, California.

9. At all times mentioned herein, Jason Quenneville p/k/a "DaHeala" was an individual conducting business is Los Angeles, California.

10. At all times mentioned herein, XO Records, LLC was a Canadian company, conducting business in Los Angeles, California.

11. At all times mentioned herein, Republic Records was a division of UMG Recordings, Inc., ("Universal") a Delaware corporation, conducting business in Los Angeles, California.

12. At all times mentioned herein, William Uschold p/k/a "WILL U" ("Uschold") was an individual residing in Vallejo, California.

13. At all times mentioned herein, Tyrone Dangerfield p/k/a "TABOO!!" ("Dangerfield") was an individual residing in Oakland, California.

14. At all times mentioned herein, Squad Music Group was an entity, form unknown, conducting business in Vallejo, California.

15. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are

responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained.

16. As alleged herein, "Defendants" shall mean all named Defendants and all fictitiously named Defendants.

17. Plaintiff is informed and believes and on that basis alleges that Defendants at all times relative to this action, were the agents, servants, partners, joint venturers and employees of each of the other Defendants and in doing the acts alleged herein were acting with the knowledge and consent of each of the other Defendants in this action. Alternatively, at all times mentioned herein, each of the Defendants conspired with each other to commit the wrongful acts complained of herein. Although not all of the Defendants committed all of the acts of the conspiracy or were members of the conspiracy at all times during its existence, each Defendant knowingly performed one or more acts in direct furtherance of the objectives of the conspiracy. Therefore, each Defendant is liable for the acts of all of the other conspirators.

FACTUAL STATEMENT

18. Plaintiff is a Somali-American poet, singer and songwriter.

19. In 2009, Plaintiff's music gained attention *via* myspace.com wherein she was contacted by defendant music producers Uschold and Dangerfield to record her music with them.

20. Plaintiff recorded an album with Uschold and Dangerfield containing the Master Recording/Composition which was co-written and produced by Uschold and/or Dangerfield. Attached hereto as Exhibit A is a true and correct copy of the certificate of registration of the Master Recording/Composition.

21. Uschold and Dangerfield sought to sign Plaintiff to a record deal ("Squad Contract") to their company--what was referred to as Squad Music Group. Attached hereto as Exhibit B is a true and accurate copy of the Squad Contract.

22. The Master Recording/Composition became a "hit" in the East African diaspora[1] community, including Canada and the United States.

23. Upon information and belief, The Weeknd, part of the East African ancestral community now living in Canada and the United States) heard Plaintiff's Master Recording/Composition.

24. Defendant The Weeknd copied quantitatively and qualitatively distinct, important, and recognizable portions of the Master Recording/Composition by recording and releasing on September 16, 2016, the song, "Starboy" (hereinafter

---

[1] Diaspora: *noun*, people settled far from their ancestral homelands.

5

the Infringing Work), with Daft Punk, XO Records, LLC as contained on an album released by Republic Records/Universal.

25. The Infringing Work is substantially similar to the Master Recording/Composition.

26. For instance, on December 16, 2016, an article in Tusmo Times[2] stated:

> "…On "Hooyo" she sings tribute to her mother's protection, sacrifice and perseverance that led her to safety. The song touched hearts and ears of global audience especially within the Somali community who went through similar journey. Now in 2016, Weeknd released a hit single "Starboy" … The song's musical arrangement has spurred a serious question behind its creativity and inspiration, whether "Starboy" was completely plagiarized from Yasminah's 2009 single "Hooyo" song. **The extreme similarities between the songs can be indisputably identified by listeners who have heard both songs.** Both the drum arrangement and

---

[2] Tusmo Times is independently operated and owned bilingual Somali and English Community News, Business and Arts serving the Somali American community in Minneapolis-St. Paul available on news stands and online.

instrumentals used in the song, to the flow and melody of the main verses in "Starboy" are synonymous to "Hooyo". A <u>Comparison Video</u>, released by youtuber "*IsTalkCheap*" details this through highlighting the two songs' striking similarities, which spurred comments by fans alike... In this case, what might have been the thought process for a major music star, The Weekend, to avoid due process and pirate another east african artist instead of giving her the shine she deserves?.." (Emphasis added.)

27. Further, on or about December 2016 Buzzfeed.com published an Article with these headlines:

- "Did The Weeknd's Starboy copy from Yasminah's 2009 single Hooyo?"

"Is There Copyright Infringement Behind The Weekend's New Single "Starboy"?

stating:

"Recent rumblings within the music industry and by fans alike have questioned the creativity and copyright infringement behind the Weeknd's new single…"

28. Another post states:

7

- "Starboy (Weeknd ft. Daft Punk) | Sounds Like | Hooyo (Yasminah)"[3]

29. And on Twitter.com:

- "The Weekend's new song #Starboy sounds so familiar to #Hooyo by Yasminah The melodies are almost identical!"[4]

30. And on youtube.com:

- "Inspiration? The Weeknd - Starboy ft. Daft Punk | SOUNDS VERY SIMILIAR COMPARE IT"[5]

- "Weeknd EXPOSED! Starboy Melody Stolen.  Weeknd needs to give credit where it truly belongs. This girl sang the song in 2009."[6]

- "…for a Daft Punk-produced song it doesn't sound very Daft Punk-y, does it? Maybe they were IN the studio to pick up a stapler on the same day Abel was, so they got a production credit?"[7]

- "Starboy" DAFT PUNK-ified

---

[3] http://www.samethattune.com/starboy-weeknd-ft-daft-punk-sounds-hooyo-yasminah

[4] https://twitter.com/classifiedxs/status/786009054141382656

[5] https://www.youtube.com/watch?v=kFORFUjRA2E

[6] https://www.youtube.com/watch?v=w3JyNCgnewM

[7] https://www.youtube.com/watch?v=EvB9mbxJQ5U

8

"This one sounds much more like Daft Punk than the original."[8]

31. In 2017, Uschold and/or Dangerfield and/or Squad (the Squad Defendants) retained counsel ("Squad's Lawyer") for the purpose of seeking damages against *inter alia* The Weeknd for copyright infringement of the Master Recording/Composition.

32. On September 15, 2017 Squad's Lawyer wrote to Plaintiff, Uschold and Dangerfield:

> *"Dear Clients:*
>
> *I just wanted to update you and share the current draft of the settlement agreement. Please review and let me know if you have questions or suggested edits. It's mostly standard, but I will be negotiating specifics. I'm available for a call as well."*

33. When Plaintiff had questions regarding the recovery from the Infringing Work (including how settlement proceeds were to be split), Squad's Lawyer vaguely replied:

> *"Yes, you get an even split."*

Subsequently after Plaintiff repeated her questions, Squad's Lawyer later replied:

---

[8] https://www.youtube.com/watch?v=jpgFnSCvHJQ

9

> *"Yasmin, I have not run any of the numbers and it is a little odd that you are pushing this issue so intently at this stage of the settlement process. Honestly, I thought you and Will already discussed this to your satisfaction.*
>
> *The deal is for $250,000. After our 40%, $150,000 is left. Each of you will receive $50,000. I am not charging any of my costs. Again, I thought Will explained this already."*

34. Then after Plaintiff had concerns regarding the proposed settlement, Squad's Lawyer wrote *inter alia* to Plaintiff:

> *"You do not own this [Song]."*

35. Thereafter, the Squad Defendants and the Weeknd struck Plaintiff's name and a line for Plaintiff's signature from a hastily negotiated settlement agreement ("Fraudulent Settlement Agreement") regarding the Infringing Work.

36. Since then, the Weeknd, Daft Punk, Doc, Daheala, XO Records, LLC, Republic Records and Universal (collectively, the "Weekend Defendants") continue to exploit and receive monies for the Infringing Work in violation of Plaintiff's rights in the Master Recording/Composition.

FIRST CLAIM FOR RELIEF
DIRECT, CONTRIBUTORY, AND VICARIOUS
(Against the Weekend Defendants)

37. Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

38. Plaintiff is the owner of no less than half of the copyright to the sound composition to the Master Recording/Composition.

39. The Weeknd had access to the Master Recording/Composition by virtue of Plaintiff and the Master Recording/Composition's popularity, specifically with the East African diaspora.

40. The Weeknd copied the Master Recording/Composition as embodied in the Infringing Work.

41. The Infringing Work is striking similar to the Master Recording/Composition (thus access is presumed).

42. The Weeknd's unauthorized reproduction, distribution, public performance, licensing, display, and creation of the Infringing Work, "Starboy," infringes Plaintiffs' rights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

43. The Weekend Defendants did not receive permission from Plaintiff to interpolate or copy the Master Recording/Composition.

44. All of the elements of the Master Recording/Composition copied by "Starboy" are original to the Master Recording/Composition.

45. The Weeknd's conduct has at all times been willful, knowing and with disregard to Plaintiff's rights to the Master Recording/Composition.

46. As a proximate cause of Defendant's wrongful conduct, Plaintiff has been irreparably harmed and has suffered actual damages.

47. Since the release of the Infringing Work, the Weekend Defendants have infringed the Plaintiff's copyright interest by participating and continuing to copy, reproduce, perform, distribute, manufacture, sell, market, exploit and promote the Infringing Work in the aforementioned acts and sharing in the proceeds therefrom.

## SECOND CLAIM FOR RELIEF
(BREACH CONTRACT — Against Squad Defendants)

48. Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

49. On or about May 9, 2009, Plaintiff, entered into the Squad Agreement with Squad.

50. Plaintiff performed all covenants, conditions and obligations required under the Agreement except as excused by Defendants' and their breach.

51. Squad Defendants breached the Agreement by engaging in the acts and omissions set forth hereinabove, including: failing to account to Plaintiff; making misrepresentations to Plaintiff regarding the Agreement; not paying Plaintiff monies due to Plaintiff from the Master Recording/Composition; incurring excessive expenses and obligations on behalf of Plaintiff and purporting to transfer rights to third party(s) in the Master Recording/Composition which they did not own; Plaintiff has been damaged by said breach in an amount in excess of

3 million dollars ($5,000,000).

## THIRD CLAIM FOR RELIEF
### (FOR BREACH OF FIDUCIARY DUTY – Against Squad Defendants)

52. Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

53. By virtue of the joint venture relationship between Plaintiff and the Squad Defendants as parties to the contract, as well co-composers/co-authors and co-owners of the Master Recording/Composition, a fiduciary relationship arose between Plaintiff and Squad Defendants.

54. By virtue thereof and Plaintiff's trust and confidence in the Squad Defendants, Squad Defendants had a duty to act with the highest degree of good faith, honesty, and fair dealing including, but not limited to, the duty not to self deal or take unfair advantage of a fiduciary.

55. Defendants have breached their fiduciary duties by engaging in the acts and omissions alleged hereinabove, including but not limited to failing to provide Plaintiffs with any profits or reimbursements as agreed, making material misrepresentations, granting rights to third parties to the Master Recording/Composition that they did not have and diverting Plaintiffs' funds.

56. Such conduct was fraudulent, malicious, and oppressive because Defendants purposefully and intentionally deprived Plaintiffs of what she was to

receive and as a result of the foregoing, Plaintiff has been damaged in an amount according to proof in excess of five million dollars ($5,000.000).

57.  Such breaches of fiduciary duty were willful, wanton, and committed with malice, fraud and oppression warranting of the imposition of punitive and exemplary damages in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
(FOR AIDING AND ABETTING OF BREACH FIDUCIARY DUTY –
Against The Weeknd Defendants)

58.  Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

59.  The Weeknd Defendants aided and abetted and provided substantial assistance to the Squad Defendants including striking the Plaintiff's signature from the settlement agreement and duping the Squad Defendants into signing the same to breach their fiduciary duty to Plaintiff. The Weeknd Defendants furthered the conspiracy by engaging in overt acts in furtherance thereof with knowledge of the relationship between Plaintiff and the Squad Defendants, by lending aid and encouragement to one another, and by ratifying and adopting the wrongful acts of the other.

60.  The Weeknd's Defendant's overt acts which caused harm to Plaintiff and in furtherance of Squad Defendants' conduct in aiding and abetting the other Defendants include, but are not limited to: failing to pay Plaintiff and agreeing to remove Plaintiff from the settlement agreement.

61. As a direct and proximate result of the foregoing, Plaintiff has suffered injury and harm, including, but not limited to, loss of revenue, in amounts according to proof in excess of the minimum jurisdiction of this Court.

62. As a result of the Weekend Defendants' said malice, oppression and/or fraudulent conduct, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF
(FOR UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 *et. seq.* - Against The Weekend and the Squad Defendants)

63. Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

64. The Weekend and the Squad Defendants' deliberate, intentional, unlawful, unfair fraudulent business acts and practices with disregard for Plaintiff's rights as alleged hereinabove were offensive to established public policy and were immoral, unethical, and unscrupulous in violation of California Business & Professions Code §17200 *et. seq*.

65. Plaintiff has been irreparably harmed and unless Defendants are enjoined, Plaintiffs will suffer irreparable harm from which there is no remedy at law. Further, Plaintiffs are entitled to all remedies provided under Business & Professions Code § 17203.

### SIXTH CLAIM FOR RELIEF
(FOR AN ACCOUNTING – Against all Defendants)

15

66. Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

67. Plaintiff and Defendants are in a relationship where Defendants have control over the revenue which Plaintiff is entitled to including monies generated by the Plaintiff's Song. Also, Plaintiff is entitled to an accounting from the other joint authors and their licensees and from the exploitation of any and all derivative works.

68. Defendants have a duty to properly report, account for, and distribute Plaintiffs' monies, including royalties, licensing fees, and profits.

69. Plaintiff is entitled to be accounted to and paid her share of all revenues derived from the exploitation of any and all of her assets, specifically from the Master Recording/Composition.

WHEREFORE, Plaintiffs respectfully requests that this Court enter a judgment in her favor against Defendants and for the following relief:

## ON THE FIRST CLAIM FOR RELIEF

1. Pursuant to 17 U.S.C. § 504(b), damages, including the substantial profits of Defendants, to be proven at trial or pursuant to 17 U.S.C. § 504(c),

2. The maximum amount of statutory damages for each act of willful copyright infringement;

3. Royalties on future exploitation "Starboy,"

4. A permanent injunction requiring Defendants and their agents, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of any of Plaintiffs' rights protected by the Copyright Act or in the alternative a running royalty paid on all exploitations of the Infringing Work commencing from the date of judgment and for all amounts not taken into consideration in the judgment.

## ON THE SECOND CLAIM FOR RELIEF

5. For damages in an amount according to proof in excess of five million dollars ($5,000,000).

## ON THE THIRD CLAIM FOR RELIEF:

6. For general, special, incidental, punitive and consequential damages in an amount according to proof in excess of five million dollars ($5,000,000).

## ON THE FOURTH CLAIM FOR RELIEF:

7. For damages in an amount according to proof in excess of five million dollars ($5,000,000);

8. For Punitive damages.

## ON THE FIFTH CLAIM FOR RELIEF:

9. For all damages (including punitive damages) and remedies authorized by Business and Professions Code § 17203.

<u>ON THE SIXTH CLAIM FOR RELIEF</u>:

10. For an accounting.

<u>ON ALL CAUSES OF ACTION:</u>

11. For costs of suit incurred herein;

12. For attorneys' fees;

13. For such other and further relief as the Court deems just and proper.

14. Pre-judgment and post-judgment interest costs, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

15. Any and all other appropriate relief, at law or equity, to which Plaintiff may show she is entitled.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  February 14, 2018                                    Lowe | LeFan, PC

                                                                              */s/ Kris S. LeFan*
                                                                    By: _____
                                                                         Kris S. LeFan
                                                                         Attorneys for Plaintiff

18