EXHIBIT 11

```
 1                   UNITED STATES DISTRICT COURT

 2                  SOUTHERN DISTRICT OF NEW YORK

 3

 4

 5   YASMINA MOHAMMED P/K/A              )
     SOMALIA,                            )
 6                                       )
                    PLAINTIFF,           )
 7                                       )
                                         )
 8        vs.                            ) CASE NO. 1:18-CV-08469-JSR
                                         )
 9                                       )
     ABEL MAKKONEN TESFAYE P/K/A         )
10   THE WEEKND; GUILLAUME EMMANUEL      )
     DE HOMEM-CHRISTO AND THOMAS         )
11   BANGALTER P/K/A DAFT PUNK;          )
     MARTIN MCKINNEY P/K/A DOC;          )
12   HENRY WALTER P/K/A CIRKUT;          )
     JASON QUENNEVILLE P/K/A             )
13   DAHEALA, XO RECORDS, LLC;           )
     REPUBLIC RECORDS; UNIVERSAL         )
14   MUSIC GROUP; WILLIAM USCHOLD        )
     P/K/A WILL U; TYRONE                )
15   DANGERFIELD P/K/A TABOO!!;          )
     SQUAD MUSIC GROUP; AND DOES         )
16   1-10,                               )
                                         )
17                  DEFENDANTS.          )
     _____)
18

19              TELEPHONIC DEPOSITION OF

20         JASON QUENNEVILLE P/K/A DAHEALA

21             WEDNESDAY, NOVEMBER 28, 2018

22

23

24   REPORTED BY:
     TISHA C. OKUMA
25   CSR NO. 9774
```

```
 1   celebrity, I hate to give out a personal actual home
 2   address.
 3   Q.      BY MR. LOWE:  Well, how about a business
 4   address?  Can you state a business address for the
 5   record?
 6   A.      Yep.  One second.
 7           MR. ANDERSON:  While he's doing that, Steven,
 8   Mr. Tesfaye just came into the room as well.
 9           MR. LOWE:  Okay.
10           MR. ANDERSON:  Now it's the three of us.
11           MR. LOWE:  For the record, Mr. Tesfaye just
12   entered the room.
13           THE WITNESS:  So the address is 1880 Century
14   Park East, Unit 1600, Los Angeles, California 90067.
15   Q.      BY MR. ANDERSON:  And that is your business
16   address, Mr. Quenneville?
17   A.      Yep.
18   Q.      Okay.  Do you actually have a physical office
19   there, or is that just a post office box?
20   A.      No.  I don't have a physical office there.
21   Q.      Okay.  All right.
22           MR. ANDERSON:  Steven, can I just interrupt?
23   I want to say one thing.
24           MR. LOWE:  Okay.
25           MR. ANDERSON:  You may know this, but in the
```

```
 1   today about things that you might not have a precise
 2   recollection of, but I am entitled to your best
 3   estimate.  However, we do not want you to guess.
 4           Do you think you understand the difference
 5   between an estimate and a guess?
 6   A.      I absolutely do.
 7   Q.      Okay.  So just to sort of clarify it, if you
 8   have some recollection of something or a faint
 9   recollection of it, I am entitled to know that.  But if
10   you just have no recollection whatsoever, then I don't
11   want you to offer a response.
12           Are you using any medication or drugs today
13   that would impair your ability to testify?
14   A.      No.  I have not.
15   Q.      Okay.  Terrific.
16           All right.  So is it your testimony that you
17   reside in Los Angeles, California?
18   A.      Yes.
19   Q.      And that's been since 2017?
20   A.      Yes.
21   Q.      Where did you reside before that?
22   A.      In Canada.
23   Q.      Okay.  And what were the circumstances under
24   which you first met Mr. Tesfaye?
25   A.      For music.
```

```
 1   Q.        Right.
 2   A.        I'm a music producer.  It was bound to happen,
 3   with music.
 4   Q.        Right.
 5             So you're a music producer, correct?
 6   A.        Yes.  Correct.
 7   Q.        Okay.  And can you tell me when you first met
 8   Mr. Tesfaye?
 9   A.        It was around 2013.
10   Q.        And where did you meet?
11   A.        In Canada.
12   Q.        Okay.  Have you and Mr. Tesfaye ever been in
13   New York together?
14   A.        Yes.  We have.
15   Q.        On how many occasions?
16   A.        About -- I could not say.  I don't have an
17   exact number, and I cannot approximate.  Quite a few
18   times.
19   Q.        Okay.  Well, let's try to nail it down just a
20   little bit.
21             "Quite a few times," would you say it's more
22   than ten?
23   A.        No.  I would say about ten.
24   Q.        Okay.
25   A.        I am not 100 percent sure.
```

```
 1    seeing Mr. Tesfaye perform Starboy in New York?
 2    A.          I could not tell you.
 3    Q.          Okay.  You just don't recall?
 4    A.          It's ongoing.  Well, yeah.  I don't recall.
 5    Q.          All right.  Now, you are a co-writer on
 6    Starboy, correct?
 7    A.          Correct.
 8    Q.          What did you contribute?
 9    A.          It was from another idea that we had started
10    many years ago, a few years ago.
11    Q.          Well, okay.  My question is, what did you
12    contribute to the song?
13                MR. ANDERSON:  Objection as to form.
14    Q.          BY MR. LOWE:  You can attempt to answer unless
15    you don't understand the question.
16    A.          My contribution to the song was done
17    externally from the current final song, to a certain
18    extent.  Not fully, but it was an idea that we had
19    started and that was elaborated on.
20    Q.          Well, let me see if I can -- that's a little
21    vague, so let me see if I can be more specific.
22                Did you contribute any lyrics?
23    A.          No.
24    Q.          Okay.  Did you contribute any music?
25    A.          To this version, not quite, because it's a bit
```

```
 1   prechorus.
 2   Q.        Whatever you tinkered around with became part
 3   of the prechorus.
 4             I mean, correct me if I'm wrong, but at least
 5   as to a song it's comprised of music and lyrics.  We
 6   know you didn't contribute any lyrics.
 7             Did you contribute any music?
 8             MR. ANDERSON:  Objection as to form.
 9             THE WITNESS:  So I played some chords to which
10   he started with an idea that he developed, and it's a
11   process.  It's a long process.
12   Q.        BY MR. LOWE:  Okay.
13   A.        Making music is not like a recipe.  It's not
14   like that.
15   Q.        Okay.  What's your percentage on the song?
16   A.        Five percent, I believe.
17   Q.        Okay.
18   A.        Or less.
19   Q.        All right.
20   A.        I'm not exactly --
21   Q.        I'm sorry?
22   A.        My management handles that stuff.  They have a
23   more accurate response.
24   Q.        Well, we'll get to that in a second.  Okay.
25             So can we say that your contribution to
```

```
 1              MR. ANDERSON:  Objection as to form.
 2              THE WITNESS:  Yes.  Exactly correct.
 3   Q.         BY MR. LOWE:  All right.  Okay.
 4              Now, were you in the studio when Mr. Tesfaye
 5   was working on this song?
 6   A.         On the property at the studio, we bounce
 7   around.  There's multiple rooms in the studio where we
 8   work.
 9   Q.         Okay.  So you weren't actually in the room?
10   A.         Not in the same room.  I don't believe so.
11   No.
12   Q.         Okay.  And what studio is that?
13   A.         Conway, I believe -- or, well, actually, you
14   know what, I was not in the room, so I don't know for a
15   fact.
16   Q.         Okay.
17   A.         I remember hearing it at Conway, you know.
18   Q.         You remember hearing it at Conway Studio?
19   A.         Yes.
20   Q.         Okay.  And Conway Studio, do you believe
21   that's located in Los Angeles?
22   A.         Yes.
23   Q.         Okay.
24   A.         On Melrose.
25   Q.         But do you know if it was first created at
```

```
 1                    DEPONENT'S DECLARATION

 2

 3              I, JASON QUENNEVILLE, hereby declare:

 4              I have read the foregoing deposition

 5   transcript, I identify it as my own, and I have made any

 6   corrections, additions, or deletions that I was desirous

 7   of making in order to render the within transcript true

 8   and correct.

 9              I declare under penalty of perjury, under

10   the laws of the State of California, that the foregoing

11   is true and correct.

12

13   _____,   _____
              (Date)                (City and State)
14

15

16                                _____
                                       (Signature)
17

18

19

20

21

22

23

24

25
```

```
1    STATE OF CALIFORNIA    )
                            )   SS.
2    COUNTY OF LOS ANGELES  )

3

4              I, Tisha C. Okuma, Certified Shorthand

5    Reporter, Certificate No. 9774 in the State of

6    California, duly empowered to administer oaths, do

7    hereby certify:

8              I am the deposition officer that

9    stenographically recorded the testimony in the foregoing

10   deposition;

11             Prior to being examined, the deponent was by

12   me first duly sworn;

13             The foregoing transcript is a true record of

14   the testimony given;

15             I was relieved of my duty pursuant to Code

16   of Civil Procedure, Section 2025 (Q)(1), and therefore

17   any changes made by the deponent or whether or not the

18   deponent signed the transcript are not set forth.

19

20   Dated_____, Los Angeles, California.

21

22

23                         _____

24

25
```