EXHIBIT 15

AGREEMENT made as of the _ day of September, 2017, by Abel Tesfaye, p/k/a THE WEEKND ("Tesfaye"), on the one hand, with William Uschold, p/k/a WILL U, individually and doing business as Squad Music Group ("Uschold"), Yasmin Mohamed, p/k/a YASMINA and p/k/a SOMALIA ("Mohamed") and Tyrone Dangerfield, p/k/a TABOO!! ("Dangerfield", and Uschold, Mohamed and Dangerfield being hereinafter sometimes referred to, jointly and severally, as "Claimants"), jointly and severally, on the other hand.  All of the foregoing parties are hereinafter sometimes referred to, individually, as a "Party," or, collectively, as the "Parties".

W I T N E S S E T H:

WHEREAS, in 2009, Claimants claim that they jointly created a musical work entitled JEWEL OF MY LIFE, with the alternate title HOOYO ("Claimants' Song"); and

WHEREAS, in 2009, Claimants claim that they jointly created a sound recording in which Claimants' Song was reproduced ("Claimants' Recording"); and

WHEREAS, Tesfaye, in collaboration with others, created a musical work entitled STARBOY ("STARBOY"), a recording of which, featuring the performance of Tesfaye (the "Weeknd Recording"), has been commercially exploited throughout the world; and

WHEREAS, Claimants claim that STARBOY contains original copyrightable expression contained in the Claimants' Song (the "Claim"); and

WHEREAS, Tesfaye denies the Claim; and

WHEREAS, the Parties wish to settle the Claim without the time, expense, inconvenience and uncertainty of litigation and/or any potential administrative and/or legal proceedings resulting therefrom and, therefore, without anything herein contained being construed as any admission by any Party of any liability and/or the validity of any defense, the Parties wish to fully and finally settle and compromise all disputes which exist or may exist between them in connection with the Claim, as provided for in this agreement.

NOW, THEREFORE, upon the mutual promises and covenants herein contained, the Parties agree as follows:

1. (a) Each of the Parties respectively warrants and represents that (i) he or she has the full right power and authority to enter into this agreement and perform all of his or her obligations hereunder, and to settle the Claim as provided herein, and (ii) this agreement, when signed by all Parties, is a valid and binding agreement of such Party, enforceable in accordance with its terms.

(b) Claimants represent and warrant that none of the Claimants has heretofore assigned or transferred, or purported to assign or transfer, to any person or entity not a party hereto any claim, debt, covenant, agreement, contract, liability, demand, obligation, account, expense, action, cause of action or suit being released hereunder.

(c) Each Party respectively acknowledges and agrees that such Party has been represented by independent legal counsel or has had the opportunity to be represented by independent legal counsel of such Party's own choice for purposes of advising such Party in

connection with the negotiation, preparation and execution of this agreement, and that each Party shall be responsible for the fees of the legal counsel so retained by that Party, and all other costs in connection with this agreement.

2.      Within ten (10) business days after the complete execution of this agreement, Tesfaye shall pay or cause to be paid to Claimants the total sum of Two Hundred Fifty Thousand US Dollars (US$250,000.00) (the "Settlement Payment").  The Settlement Payment shall be paid as follows: [TO BE SUPPLIED].  Claimants acknowledge and confirm that the Settlement Payment to be made pursuant to the preceding sentence constitutes and is full, complete and adequate consideration for both the release granted in paragraph 3 below, and the license granted in paragraph 4 below.  Claimants acknowledge that the Settlement Payment is made in reliance upon all of the warranties and representations made by Claimants in this agreement.

3.      Each of the Claimants, for and on behalf of that Party and his or her respective executors, administrators, employees, representatives, predecessors, successors and assigns (collectively, the "Releasors"), hereby irrevocably and unconditionally releases and forever discharges, Tesfaye, Republic Records, a division of UMG Recordings, Inc., Songs Music Publishing, LLC, Thomas Bangalter, Guy-Manuel de Homem-Christo, Martin McKinney, Henry Russell Walter, Daft Music, Mykai Music, Kobalt Music Group Ltd., Cirkut Breaker LLC, Prescription Songs, Universal Music Corp., and Sal & Co., and all of their respective worldwide affiliates, subsidiaries, and related companies (collectively, the "Released Parties"), and each of the Released Parties' respective past, present and/or future partners (whether general, limited or otherwise), entities, related entities, affiliates, predecessors-in-interest, successors-in-interest, divisions, units, subsidiaries (whether wholly, partially or indirectly owned), executors, heirs, administrators, parents, owners, co-owners, officers, managers, principals, shareholders, directors, members, employees, representatives, licensees, distributors, retailers, customers, insurers, attorneys, agents and each of their respective successors and assigns, from any and all claims Claimants had, have or may have, whether known or unknown to Claimants, arising from or in any way related to the subject matter of the Claim, incurred or accrued from the beginning of time through the date of the complete execution of this agreement. Without limiting the generality of the preceding sentence, Claimants, on behalf of all of the Releasors, hereby expressly waive any rights or benefits available under Section 1542 of the California Civil Code, or of the provisions of any similar law of any other jurisdiction. Civil Code Section 1542 provides as follows:

> "A general release does not extend to claims which the
>  creditor does not know or suspect to exist in his or her favor
> at the time of executing release, which if known by him or her
> must have materially affected his or her settlement with the debtor."

4.      Claimants hereby grant the Released Parties, and all parties in interest through the Released Parties, a perpetual worldwide license to exploit Claimants' Song, commercially or otherwise, to the extent that it is reproduced (or may be reproduced, without obligation to do so) in STARBOY and/or The Weeknd Recording, by any means or method, and in any and all media, now known or hereafter developed without restriction.  Claimants specifically acknowledge and confirm that STARBOY and/or The Weeknd Recording does not harm their moral right with respect to Claimants' Song.  Claimants further specifically acknowledge and understand that (i) other than the Settlement Payment payable under this agreement, no payment whatsoever shall be due to any person and/or entity with any rights in and to Claimants' Song (including any of Claimants, or to anyone on their behalf, by reason of the exercise of rights in Claimants' Song by the Released Parties, or any party in interest through the Released Parties, pursuant to the license granted in the preceding sentence); and

(ii) Claimants have no right, title or interest of any kind or nature whatsoever (financial or otherwise) in and to STARBOY, and therefore shall refrain from filing any registration with any performing or mechanical rights society or organization that would identify Claimants as owners of some interest in STARBOY.

5.   Claimants covenant that none of the Releasors shall ever commence any action or proceeding against, or assert any claim against the Released Parties (or any one of them) and/or any licensee(s), successor(s) or assign(s) of the Released Parties, arising from or relating to the Claim, this agreement, and/or the use or alleged use of any original copyrightable expression contained in the Claimants' Song as embodied (or as may be embodied, with no obligation to do so) in STARBOY and/or The Weeknd Recording.  In the event that any Releasors breach the covenant contained in the preceding sentence, the applicable Released Parties (or their applicable licensee(s), successor(s) or assign(s)), shall be able to recover from the Releasors, as damages, (i) liquidated damages in the amount of $250,000, and (ii) reasonable attorneys' fees and litigation costs incurred in the defense of the applicable claim, action or proceeding.

6.   (a)   The Parties will not make any statements, oral, written or otherwise, and/or issue any statement or press release or give any interviews or make any comments or communications, to any media, oral, written or otherwise, with respect to the Claim, the settlement of the Claim or this agreement except to the limited extent expressly authorized in this agreement.  The Parties acknowledge that it is of the essence of this agreement that the settlement of the Claim and this agreement (including the existence thereof) will be kept confidential, and that they shall never disclose information to or communicate with any non-Party, directly or indirectly, concerning the Claim, the settlement of the Claim, this agreement, or the terms of this agreement (or the existence thereof) by or through any means of communication.  No Party will in any way directly or indirectly solicit, invite or encourage any third party to inquire into the Claim, the settlement of the Claim and/or this agreement (or the existence thereof).  If any third party not associated or affiliated in any way with any Party initiates an inquiry regarding the Claim, the settlement of the Claim, this agreement, or the terms of this agreement, the Parties will only and solely respond to such inquiry by stating "no comment."  If any third party discloses anything regarding the Claim, the settlement of the Claim or this agreement, whether orally or in writing, Claimants shall cooperate with Tesfaye and/or execute such further documents requested by Tesfaye as are necessary to stop such unauthorized disclosure and/or "take down" and remedy the publication of any such disclosure.  It is understood and agreed that if this paragraph 6 is breached or going to be breached by any Party hereto, the non-breaching Party may be entitled to seek injunctive or other equitable relief to prevent such a breach.  The right to seek injunctive relief under this Paragraph 6 shall be in addition to all other rights, remedies and forms of relief which may be available.

(b)   Without limitation of paragraph 6(a) above, Claimants acknowledges and agree that the provisions of this paragraph 6 are a material inducement for Tesfaye to enter into this agreement, that a violation of the provisions of this paragraph 6 would be a material breach of this agreement and that Claimants' strict compliance with the terms hereof is of the essence of this agreement.  Claimants further acknowledge and agree that if any Claimant breaches this paragraph 6 in any respect, then Tesfaye will suffer immediate and irreparable damages that are incapable of precise determination because Tesfaye will be denied the benefit of resolving this matter privately and without the glare of public attention, which could impact the business and reputation of Tesfaye.

(c)   Notwithstanding the foregoing, the Parties may disclose the terms of this agreement: (i) to their respective attorneys, accountants, representatives, advisors, or to tax preparers and taxing authorities, except that, before any such disclosure is made other than to a taxing authority,

the Party (or his or her counsel, as the case may be) shall inform the person to be told of the confidential information that said information is confidential and such person and/or entity is required to maintain such information as confidential as though he or she were a party to this agreement (and such Party shall solely disclose such information to any such third party who agrees to be bound by the terms of this paragraph 6 accordingly); or (ii) as compelled by court order; or (iii) as may be necessary in connection with any proceeding for breach or enforcement of any rights arising out of this agreement.  If any Party (including their respective attorneys, accountants, and tax/financial advisors) is served with a subpoena or other legal process requesting production of documents that would disclose this agreement,  any of the terms of this agreement, or seeking disclosure in any form of information concerning any of the terms of this agreement (or the existence thereof), or is asked questions at a deposition, an arbitration, or a trial, the answers to which would disclose any information concerning this agreement (or the existence thereof), then such Party shall immediately advise whomever is seeking disclosure that this agreement is confidential and do the following:  (A) refuse to produce this agreement (or any draft thereof or document reflecting any of the terms thereof) unless and until ordered by a court of competent jurisdiction and authority; (B) provide reasonable notice via overnight courier, email, or by telephone to the other Party's attorneys of any attempt made upon such Party to seek such disclosure; and (C) reasonably cooperate to resist the disclosure of this agreement or information concerning its terms (or if required to be disclosed, requiring such disclosure on a confidential basis).

      7.     This agreement, and any matter arising from or relating to this agreement, shall be construed under the laws of the State of New York, without regard to so-called "choice of law" principles.  Any legal action or proceeding arising from or relating to this agreement must be brought in the federal or state courts located in New York County, New York (the "<u>New York Courts</u>") and not in any other court or jurisdiction.  Each of the Parties irrevocably waives any objection that he or she may now have, or hereafter may have, to the venue of any such action or proceeding in the New York Courts or that such action or proceeding was brought in an inconvenient court, and covenants not to plead or claim the same.

      8.     This agreement constitutes the entire agreement among the Parties and may not be amended or modified except as provided in a document duly executed by each of the Parties.  Any and all prior or contemporaneous memos, drafts or communications relating to this agreement shall be deemed to have been superseded in all respects by and "merged" into this agreement, and shall be of no force or effect.  This is a fully integrated agreement.

      9.     Nothing contained in this agreement shall constitute an admission by Tesfaye of any facts in dispute or liability with respect to the Claim.

      10.    This agreement may be executed by the Parties in one or more counterparts, and may be executed on electronically scanned copies, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

      11.    All notices hereunder shall be in writing and shall be sent by a reputable courier (such as Federal Express) or by certified mail, return receipt requested, to each Party at the addresses set forth below:

    <u>To Claimants</u>:
    [to be supplied]

<u>To Tesfaye</u>:

c/o Grubman, Shire & Meiselas
152 West 57th Street
New York, NY 10019
Attn: Kenneth Meiselas, Esq.

      12.     As a material inducement to Tesfaye to enter into this agreement and make the Settlement Payment as herein provided, and without limiting the generality of anything set forth in paragraph 1 above, Claimants warrant and represent that they are the sole authors of Claimants' Song and Claimants' Recording; that they submitted an application for copyright registration for Claimants' Recording to the United States Copyright Office, and received a Certificate of Copyright Registration from the United States Copyright Office in the form annexed hereto as <u>Exhibit A</u>; all of the information set forth on that Certificate is correct; Claimants have no other copyright registration with respect to Claimants' Song or Claimants' Recording; Claimants' have not entered into any agreement for the commercial exploitation of Claimants' Song or Claimants' Recording; Claimants' Song and Claimants' Recording are original and do not infringe copyrights or any other rights owned or controlled by any other party; Claimants are the sole owners of the worldwide copyrights in Claimants' Song and Claimants' Recording; and no party other than Claimants has any rights of whatsoever kind or nature with respect to Claimants' Song or Claimants' Recording, including any right to receive any portion of the Settlement Payment.

      13.     No Party hereto shall be deemed to be more responsible than the others for the drafting of this agreement, and, accordingly, the provisions of this agreement shall not be construed more strictly against any Party as a result of the drafting of this agreement or any provision thereof by or on behalf of a particular Party hereto.

      14.     Should any provision of this agreement be found to be ambiguous in any way, such ambiguity shall not be resolved by construing this agreement in favor or against any Party herein, but rather construing the terms of this agreement as a whole according to their fair meaning.

      15.     This agreement may not be canceled, altered, modified, amended or waived, in whole or in part, in any way, except by an instrument in writing signed by the Parties hereto.  The waiver by any Party of any breach of this agreement in any one (1) or more instances shall in no way be construed as a waiver of any subsequent breach of this agreement (whether or not of a similar nature).

      16.     The warranties and representations made by Claimants in this agreement, and their indemnity obligations hereunder, shall continue in perpetuity.

      17.     This agreement shall be binding upon each and every successor, heir, executor and administrator of Claimants, and any permitted assignee of Claimants.  Any purported assignment by Claimants, or any of them, of their indemnification obligations hereunder shall be void from inception.

      18.     Claimants shall indemnify the Released Parties, and the Released Parties' each and every successor, assign and licensee, and their respective officers, directors, parents, affiliates, subsidiaries, agents and representatives (collectively, the "<u>Indemnified Parties</u>,") from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses and disbursements of any kind or nature (including attorneys' fees and all customary litigation costs) whatsoever which may be imposed on, incurred by, or asserted

6

against the Indemnified Parties in any way relating to or arising out of (i) Claimants' breach or alleged breach of this agreement, or (ii) any claim inconsistent with any of Claimants' warranties and representations set forth in this agreement.

IN WITNESS WHEREOF, the Parties have executed this agreement.

_____
Abel Tesfaye, p/k/a THE WEEKND

_____
William Uschold, p/k/a WILL U, individually and doing business as Squad Music Group

_____
Yasmin Mohamed, p/k/a YASMINA and p/k/a SOMALIA

_____
Tyrone Dangerfield, p/k/a TABOO!!