EXHIBIT 17

Case 2:15-cv-02733-PSG-E Document 50 Filed 11/03/15 Page 1 of 7 Page ID #:538
Case 1:18-cv-08469-JSR Document 65-1711 Filed 12/07/18 Page 2 of 8

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV15-2733 PSG (Ex) | Date | November 3, 2015 |
|---|---|---|---|
| Title | Louise Rams, *et al.* v. Def Jam Recordings, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     Order GRANTING Defendants' Motion to Transfer

Before the Court are Defendants UMG Recordings, Inc. ("UMG"), Def Jam Recordings ("Def Jam") and Jeremih Felton ("Felton") (collectively, "Defendants") motions to transfer venue to the Southern District of New York ("SDNY") and to dismiss the fourth cause of action of Plaintiffs' Second Amended Complaint ("SAC"). *See* Dkts. # 18, 31.  The Court finds these matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local R. 7-15.  After considering the arguments in the moving, opposing and reply papers, the Court GRANTS the motion to transfer the case to SDNY and finds that the motion to dismiss is therefore RENDERED MOOT.

I.     Background

Plaintiff Alexander Flemming ("Flemming") and Plaintiff Louise Rams ("Rams") (together, "Plaintiffs") are individuals residing in Denmark.  *SAC* ¶¶ 4-5.  Flemming is a photographer who created a stylized close-up image ("Subject Photograph") of Rams, which he published and submitted for registration with the United States Copyright Office.  *Id.* ¶¶ 12-13.

Defendant Felton is a popular recording artist, producer and entertainer who resides in Chicago, Illinois.  *Id.* ¶ 19; Dkt. # 35-2, *Declaration of Jeremy Felton* ("Felton Decl."), ¶ 2.  Plaintiffs allege that without authorization, Defendants UMG, Def Jam, Felton, and Mitch Schultz Productions ("MSP")[1] used the Subject Photograph as an album cover in various marketing and advertising materials, and across various web sites and social media platforms in connection with the release of Felton's single "Don't Tell 'Em."  *Compl.* ¶¶ 14, 16.  Flemming

---

[1] MSP was added as a Defendant in the SAC.  At the time of the parties' briefings, MSP had not yet been served in this action and therefore did not join in the motion.  MSP was served on October 26, 2015 and has not yet filed an answer.  *See* Dkt. # 48.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-2733 PSG (Ex) | Date | November 3, 2015 |
|---|---|---|---|
| Title | Louise Rams, *et al.* v. Def Jam Recordings, *et al.* | | |

also alleges that Def Jam, UMG, and/or Felton removed his signature mark from the Subject Image and added the "Def Jams Recording" signature mark. *Id.* ¶¶17-18. Flemming did not authorize Defendants to remove his mark, nor did Rams authorize Defendants to use her likeness. *Id.* ¶ 20.

UMG is a Delaware Corporation located in Santa Monica, California. Dkt. # 42-1, *Declaration of Scott A. Burroughs* ("Burroughs Decl.") ¶¶ 1-2. Def Jam, the unincorporated division of UMG responsible for the release of "Don't Tell 'Em," has its main office, President, Chief Executive Officer, and other executives in New York, New York. Dkt. # 35-1, *Declaration of Lynn Gonzalez* ("Gonzalez Decl.") ¶¶ 2-3. The Def Jam employees responsible for the "Don't Tell 'Em" project work out of Def Jam's New York office. *Id.* ¶ 4. Former Def Jam employees located in or near New York, New York were also involved with the release, distribution or promotion of "Don't Tell 'Em." *Id.* ¶ 5. Among these are Def Jam's former Vice President of Publicity, Melissa Victor ("Victor"), who resides in the greater New York area. *Id.* Felton's art director, Roshawn Allen ("Allen") was also involved in the licensing and modification of images for "Don't Tell 'Em." *Id.* ¶ 6. Allen resides in or near Chicago, Illinois. *Id.*

Flemming asserts causes of action against all Defendants for copyright infringement, vicarious and/or contributory copyright infringement, and violations of the § 1202 of the Digital Millenium Copyright Act, 17 U.S.C. § 101, *et seq.* Rams brings only one cause of action, for misappropriation of likeness under Cal. Civ. Code § 3344(a) ("§ 3344") and common law. *See Compl.* Defendants now move to dismiss Rams' misappropriation of likeness claim and to transfer the case to SDNY. Dkt. # 35.

II. <u>Legal Standard</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). Section 1404(a) explicitly defines three factors—the convenience of the parties, the convenience of witnesses, and the interest of justice—and the Ninth Circuit has explained that district courts may consider factors used in the forum non conveniens context:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-2733 PSG (Ex) | Date | November 3, 2015 |
|---|---|---|---|
| Title | Louise Rams, *et al.* v. Def Jam Recordings, *et al.* | | |

costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof…[as well as (9)] the relevant public policy of the forum state[.]

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The district court may also consider factors such as (10) relative court congestion, (11) "the local interest in having localized controversies decided at home," and (12) "the unfairness of burdening citizens in an unrelated forum with jury duty." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

The burden is on the moving party to show that transfer is appropriate. *See CFTC v. Savage*, 622 F.2d 270, 279 (9th Cir. 1979). Overall, § 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation and internal quotation marks omitted).

I.  Discussion

The Court begins by addressing Defendants' motion to transfer the case to SDNY, looking at (1) whether the case might have been brought in SDNY, and, if so, (2) whether the convenience of the parties and witnesses and the interests of justice weigh in favor of transfer. *See* 28 U.S.C. § 1404(a).

A.  Jurisdiction and Venue in SDNY

To establish that an action "might have been brought" in the district to which transfer is sought under § 1404(a), the moving party must first show that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had originally filed the action in the district to which transfer is sought. *See, e.g., Metz. v. U.S. Life Ins. Co. in the City of N.Y.*, 674 F.Supp.2d 1141, 1145 (C.D. Cal. 2009).

Subject matter jurisdiction is satisfied because Plaintiffs assert federal copyright claims. 28 U.S.C. §§ 1331, 1338 ("district courts shall have original jurisdiction of any civil action arising under any act of Congress relating to…copyrights.") Supplemental jurisdiction extends to Rams' § 3344 claim because it arises from the same nucleus of common fact – Defendants' use of the Subject Photograph – as the federal claims. 28 U.S.C. § 1367; *see City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997). Defendants would be subject to personal jurisdiction in SDNY based on their own consent. *See J. McIntyre Mach., Ltd. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-2733 PSG (Ex) | Date | November 3, 2015 |
|---|---|---|---|
| Title | Louise Rams, *et al.* v. Def Jam Recordings, *et al.* | | |

*Nicastro*, 131 S.Ct. 2780, 2787 (2011) ("A person may submit to a State's authority in a number of ways. There is, of course, explicit consent.") Lastly, venue would have been proper in SDNY because personal jurisdiction would have been proper. *See* 28 U.S.C. § 1400(a) (in copyright infringement actions, venue is proper "in the district in which the defendant or his agent resides or may be found"); *see also Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) ("The Ninth Circuit interprets [28 U.S.C. § 1400(a)] to allow venue in any judicial district in which the defendant would be amenable to personal jurisdiction.") (citation and internal quotations omitted).

The Court concludes that this action might have been brought in SDNY.

B. Convenience of the Parties

Although UMG is located in Santa Monica, UMG would prefer the case to be litigated in SDNY because Def Jam, the divison of UMG responsible for the release of "Don't Tell 'Em," is located in New York, New York. *Mot.* 3:20-21; *Gonzalez Decl.* ¶¶ 2-3. Defendants explain that New York is a more convenient forum because the relevant documents and materials related to Def Jam's release, distribution and promotion of "Don't Tell 'Em" are maintained by Def Jam in its office. *Mot.* 3:22-24; *Gonzalez Decl.* ¶ 3. Defendants also state that SDNY is more convenient because Felton and MSP, located in Chicago and Missouri, respectively, are closer to SDNY than to the Central District of California.

Furthermore, Plaintiffs Rams and Flemming reside in Denmark, which is closer to SDNY than to California. Plaintiffs do not contend that this district is more convenient for them, but base their argument that "the parties have stronger contacts with this forum" on *Defendants'* contacts. *See Opp.* 4:18-5:19. Plaintiffs may not argue that this forum is more convenient for the parties on the basis of Defendants' contacts when Defendants themselves have stated that SDNY is a more convenient forum. Plaintiffs' only ties to this forum appear to be their attorneys, but "the convenience of counsel is irrelevant" on a motion to transfer venue. *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F.Supp.2d 1183, 1195 (S.D. Cal. 2007); *Caltex Plastics, Inc. v. Great Pac. Packaging, Inc.*, No. CV 14-2794 RSWL (JEMx), 2014 WL 4060144, at *3 (C.D. Cal. Aug. 12, 2014).

Because SDNY is more convenient for the Defendants and Plaintiffs have failed to show why the Central District of California is more convenient for them, this factor weighs in favor of transfer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-2733 PSG (Ex) | Date | November 3, 2015 |
|---|---|---|---|
| Title | Louise Rams, *et al.* v. Def Jam Recordings, *et al.* | | |

C. <u>Convenience of the Witnesses</u>

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Metz*, 674 F.Supp.2d at 1147. When considering convenience of the witnesses, "[t]he court will consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues in the case." *See Callaway Golf Co. v. Corporate Trade Inc.*, No. CV 09-384 L(POR), 2010 WL 743829, at *6-7 (S.D. Cal. Mar. 1, 2010) (quoting *Steelcase, Inc. v. Haworth, Inc.*, 41 U.S.P.Q.2d 1468, 1470 (C.D. Cal. 1996).

Defendants have identified eleven Def Jam employees residing in the New York area with relevant testimony involving the release, distribution or promotion of "Don't Tell Em." *Gonzalez Decl.* ¶ 4. The witnesses have knowledge relating to issues which will be central to the case, such as: the process of creating marketing and promotional materials for "Don't Tell 'Em"; any licenses acquired for any images used in such materials; any modifications or alterations made to any images used in such materials; and profits earned from the single's release. *Id.* In contrast, Plaintiffs have not pointed to any material witnesses who reside in California or who would be inconvenienced by a transfer to SDNY. Because the material witnesses appear to be primarily located in the greater New York area, this factor also weighs in favor of transfer.

D. <u>Interests of Justice</u>

When deciding whether it is in the interest of justice to transfer the case to another venue, it is helpful to consider some of the additional fairness and convenience factors scattered throughout the case law. *See Jones*, 211 F.3d at 498-99; *Decker Coal*, 805 F.2d at 843; *Szegedy v. Keystone Food Prod., Inc.*, No. CV 08-5369 CAS (FFMx), 2009 WL 2767683, at *2 (C.D. Cal. Aug. 26, 2009).

One factor which Courts consider is "the availability of compulsory process to compel attendance of unwilling non-party witnesses." *Jones v. GNC Franchising*, 211 F.3d 495 at 498-99 (9th Cir. 2000). Defendants have identified two non-party witnesses – Def Jam's former Vice President of Publicity and Felton's art director — for whom SDNY would be a more convenient forum. *Gonzalez Decl.* ¶¶ 5-6. Defendants explain that Victor and Allen could provide important testimony as to the process through which the allegedly infringing cover art was created and delivered to Def Jam; what was communicated to Def Jam regarding any licenses or consent to use the Subject Photograph; any modifications made to the Subject Photograph; profits earned for "Don't Tell 'Em"; and the portion of those profits, if any,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-2733 PSG (Ex) | Date | November 3, 2015 |
|---|---|---|---|
| Title | Louise Rams, *et al.* v. Def Jam Recordings, *et al.* | | |

attributable to the alleged infringement. *Mot.* 8:8-14. Victor and Allen could provide crucial testimony, but are non-party witnesses whose presence could not be compelled in this district. *See* Fed. R. Civ. P 45(b)(2) (the court's subpoena power to compel testimony of non-party witnesses extends to anywhere within the district and/or one hundred miles of the place of trial). This factor therefore militates in favor of transferring to a venue where Victor (a resident of New York) would be within the Court's subpoena power, and Allen (a resident of Chicago) would be more likely to voluntarily appear. *See Alcatel Lucent USA, Inc. v. Dugdale Communications, Inc.*, CV09-2140 PSG (JCx), 2010 WL 883831, at *12 (C.D. Cal. Mar. 5, 2010) (transfer to "a venue closer to the non-party witnesses…could increase likelihood of their voluntary participation in the case.")

Because the relevant evidence and most of the witnesses are located in or closer to SDNY, the relative cost of litigation also weighs in favor of transfer. *See Alcatel Lucent USA, Inc.*, 2010 WL 883831, at *10 (transferring case where the fact that seven of eight non-party witnesses lived closer to Indianapolis than California "suggest[ed] that transfer would be more convenient for them in terms of time and expense").

Furthermore, Defendants point out that California's connection to this case is negligible because neither Plaintiffs, Felton, nor the relevant division of UMG reside in this district. *Mot.* 11:9-10. Although the allegedly infringing works were distributed in California, they were also distributed worldwide, with no specific focus in this district. Thus, while California may or may not have an interest in applying its laws to Rams' misappropriation of likeness claim, it has no particular interest in litigating a dispute primarily focused on federal violations which occurred worldwide. *See Adachi v. Carlyle/Galaxy San Pedro, L.P.*, 595 F.Supp.2d 1147, 1151 (S.D. Cal. 2009) (ordering transfer where the "present dispute [was] not the type of localized controversy" over which the district should maintain jurisdiction").

In contrast, none of the factors to which Plaintiffs point weigh strongly, if at all, against transfer. For example, Plaintiffs argue that their choice of forum is entitled to deference. *Opp.* 4:11-17. Ordinarily, there is a strong presumption in favor of a plaintiff's choice of forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 265-66 (1981). "However, this rule is 'substantially attenuated' where plaintiff has commenced the action in a forum that is not his residence. In such cases, plaintiff's choice of forum is given much less weight in ruling on a discretionary transfer motion." *Mason v. Telefunken Semiconductors America LLC*, No. CV 12-5163 HRL, 2012 WL 6652496, *1 (N.D. Cal. Dec. 20, 2012) (citing *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010)). Here, Plaintiffs are residents of Denmark, and their choice of California is accorded little deference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-2733 PSG (Ex) | Date | November 3, 2015 |
|---|---|---|---|
| Title | Louise Rams, *et al.* v. Def Jam Recordings, *et al.* | | |

    Plaintiffs also argue that the case should remain in this district because Rams brings a claim under California law, with which California Courts are most familiar. *Opp.* 4:6-9. However, the majority of Plaintiffs' claims arise under federal copyright law. Even if Rams' right of publicity claim is permitted to stand, SDNY is "fully capable of deciding issues arising under…California law." *Metz*, 674 F.Supp.2d at 1148. This case is not one where "the policy issues implicated in the relief Plaintiff[s] seek[]…will have a tremendous [] impact on the state of [California]," such that California has a special interest in resolving the matter itself. *See id.*

    On balance, the Court concludes that based on the interests of justice, the location of the parties and, most significantly, the relevant witnesses, SDNY is a convenient forum to hear this dispute. In contrast, the Central District of California is not particularly convenient. Transfer to SDNY is therefore appropriate.

IV.    Conclusion

    For the foregoing reasons, the Court GRANTS the motion and TRANSFERS the case to the Southern District of New York. Defendants' motion to dismiss Rams' fourth cause of action, as well as Felton's motion to dismiss for lack of personal jurisdiction, Dkt. # 31, are RENDERED MOOT.