EXHIBIT 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

Yasmin Mohamed p/k/a Yasminah,

                    Plaintiff,

     - against -

Abel Makkonen Tesfaye p/k/a
The Weeknd; Guillaume Emmanuel de Homem-
Christo and Thomas Bangalter p/k/a Daft Punk;
Martin McKinney p/k/a Doc; Henry Walter p/k/a
Cirkut; Jason Quenneville p/k/a DaHeala, XO
Records, LLC; Republic Records; Universal
Music Group; William Uschold p/k/a WILL U;
Tyrone Dangerfield p/k/a TABOO!!; Squad
Music Group; and DOES 1-10,

                  Defendants.

------------------------------------------------------- x

Case No.  18-cv-8469 (JSR)

**DEFENDANT UMG
RECORDINGS, INC.'S
RESPONSES AND OBJECTIONS
TO PLAINTIFF'S PRE-MOTION
INTERROGATORIES**

Defendant UMG Recordings, Inc. ("UMG Recordings") (erroneously sued as "Universal Music Group" and "Republic Records"), by its attorneys, Davis Wright Tremaine, LLP, hereby responds to Plaintiff's "Pre-Motion" Interrogatories (the "Interrogatories") as follows:[1]

## GENERAL OBJECTIONS

The following general objections are incorporated in and made part of each specific response to the Interrogatories as if fully set forth therein:

1.       UMG Recordings objects to the Interrogatories to the extent they or the Definitions contained therein seek to impose obligations beyond or different from those permitted by the

---

[1]     Plaintiff also purported to direct a separate set of "Pre-Motion" Interrogatories to "Republic Records, Inc." However, Plaintiff did not name Republic Records, Inc., as a defendant in this action and has not served Republic Records, Inc. Neither has any counsel appeared in this action on behalf of Republic Records, Inc., which is not an entity owned by UMG Recordings and was not involved in the alleged infringement. Instead, Plaintiff named "Republic Records," identifying it as a division of UMG Recordings (Complaint at ¶ 5), and which is in fact an unincorporated division of UMG Recordings and, as a result, not a separate juridical entity.

Federal Rules of Civil Procedure (the "Federal Rules") or the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules"), including, without limitation, Local Civil Rule 26-3.

2.      UMG Recordings objects to the Interrogatories because they consist of more than twenty-five written interrogatories, including all discrete subparts, in violation of Federal Rule of Civil Procedure 33(a)(1). UMG Recordings' provision of responses to Interrogatories included in the first twenty-five numbered Interrogatories, which with their respective unnumbered subparts alone exceed twenty-five interrogatories, is subject to and without waiver of the foregoing objection.

3.      UMG Recordings objects that the Interrogatories, including by reason of the Definitions section, seek information that is not relevant, including because UMG Recordings has not challenged personal jurisdiction in this action, because the information is not relevant under current law to general jurisdiction or specific jurisdiction, and because the information exceeds the limited scope of jurisdictional discovery permitted by the Court.

4.      UMG Recordings objects that the Interrogatories, including by reason of the Definitions section, are unduly burdensome, oppressive and harassing and violate Federal Rule of Civil Procedure 26(b)(1), including because they seek information, and impose upon UMG Recordings burdens, that are not proportional to the needs of the case and the issue of personal jurisdiction, and the burden and expense of the discovery outweighs its likely benefit, if any.

5.      UMG Recordings objects that the Interrogatories violate the Court's November 27, 2018 order by seeking from UMG Recordings information beyond contracts related to the musical composition or sound recording *Starboy* ("*Starboy*"), sales of *Starboy* in New York, and performances of *Starboy* in New York.

2

6.      UMG Recordings objects that the Interrogatories violate or contravene the Court's November 15, 2018 order by seeking from UMG Recordings information as to contracts and other documents within Plaintiff's requests for production that were stricken by the Court.

7.      UMG Recordings objects to the Definitions section of the Interrogatories as it defines terms differently and more broadly than permitted under Local Rule 26.3 of the Local Civil Rules.

8.      UMG Recordings objects to the Definitions section of the Interrogatories as it defines the words "You" and "Your" in a manner that is overly broad, unduly burdensome and oppressive, and not targeted to the discovery of relevant information, and as it violates or contravenes the Court's November 15, 2018 order by defining "You" and "Your" as also referring to UMG Recordings' related entities, affiliates and subsidiaries, despite the fact the Court struck Plaintiff's requests for documents from UMG Recordings' parents, subsidiaries and related entities. In responding to the Interrogatories, UMG Recordings will interpret "You" and "Your" as referring to UMG Recordings, including its unincorporated division, Republic Records, also sometimes referred to as Universal Republic Records.

9.      UMG Recordings objects to the Interrogatories to the extent they seek information that is within the attorney-client privilege as to confidential communications between or among, *inter alia*, UMG Recordings, its agents or representatives and its attorneys, or UMG Recordings, its agents, representatives or attorneys and those, including other parties, sharing a common interest in the defense of Plaintiff's claims, and/or their respective attorneys (as used herein, "attorney-client privilege" includes the common interest or joint defense privilege); the work product immunity; the privileges applicable to trade secrets or confidential business or financial

information; the privacy privileges or interests of UMG Recordings or others; any other legally cognizable privilege.

10.    In responding to these Interrogatories, UMG Recordings does not waive, and expressly reserves, all objections as to competency, relevance, materiality, and admissibility of the responses of subject matter thereof, as well as objections to any other discovery request.

11.    UMG Recordings reserves the right to correct, amend, modify, or supplement these responses from time to time and at any time in the future, as warranted by the circumstances.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all agreements involving or entered into by You that relate to the exploitation of Starboy, providing for each agreement the information set forth in the definitions above, and including the material terms of said agreements, the monies to be paid and to whom, the location of any forum in a forum selection clause, and the geographic scope of distribution, if any, under the agreement.

### Response to Interrogatory No. 1

UMG Recordings objects to this Interrogatory on the ground that it violates Rule 26.3 of the Local Civil Rules and that it seeks information that is protected by the privileges applicable to trade secrets or confidential business or financial information, the privacy privileges or interests of UMG Recordings or others or any other applicable privilege. UMG Recordings further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome and oppressive, violates Federal Rule of Civil Procedure 26(b)(1) and, including by reason of Plaintiff's definition of "You" and this Interrogatory's request for information as to forum clauses, violates or contravenes the Court's November 15, 2018 order.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings identifies the following agreements as responsive to this Interrogatory:

- The Exclusive Manufacturing, Distribution, and License Agreement between Universal Republic Records, a division of UMG Recordings and XO&co Inc. dated August 17, 2012 and previously produced to Plaintiff by co-defendants of UMG Recordings (the "Distribution Agreement").

- The Distribution and Services Fee and Foreign License Royalty Amendment to the Distribution Agreement between The Weeknd XO, Inc. and Universal Republic Records, a division of UMG Recording, dated April 8, 2015 and previously produced to Plaintiff by co-defendants of UMG Recordings.

- The Album Three Distribution and Services Fee and Foreign License Royalty Agreement between The Weeknd XO, Inc. and Universal Republic Records, a division of UMG Recordings, dated March 18, 2016 and previously produced to Plaintiff by co-defendants of UMG Recordings.

In addition, UMG Recordings has entered into agreements with various manufacturers and numerous digital service providers for the physical or digital exploitation of its recorded music generally. The terms of these contracts are confidential and do not relate to *Starboy* specifically. The shortened time in which Plaintiff has requested a response to her Interrogatories is insufficient for UMG Recordings to identify and locate all such agreements, but those identified and located include the following:

- Manufacturing Services Agreement between UMG Manufacturing & Logistics, Inc., 2220 Colorado Avenue, Santa Monica, CA 90404, and Technicolor Home Entertainment Services, Inc., Technicolor Videocassette of Michigan, Inc, and Technicolor Home Entertainment Services Southeast, LLC, 3233 E. Mission Oaks

Blvd., Camarillo, CA 93012, dated September 28, 2017 (effective as of November 15, 2015).

- CD Manufacturing and Related Services Agreement between UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404, and Entertainment Distribution Company (USA) LLC, 11360 Lakefield Drive, Duluth, GA 30097 ("ESD"), dated May 31, 2005 ("ESD Manufacturing Agreement").

- U.S. Distribution and Related Services Agreement between UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404, and ESD, dated May 31, 2005 ("ESD Distribution Agreement").

- Amendment 1 to ESD Manufacturing Agreement and ESD Distribution Agreement between UMG Recordings and ESD, dated August 30, 2006.

- Amendment 2 to ESD Manufacturing Agreement and ESD Distribution Agreement between UMG Recordings and ESD, dated January 11, 2017.

- Amendment 3 to ESD Manufacturing Agreement and ESD Distribution Agreement between UMG Recordings, ESD, and Sony DADC US Inc., 550 Madison Avenue, New York, NY 10022 ("Sony DADC"), dated October 31, 2008.

- Amendment 4 to ESD Distribution Agreement between UMG Recordings, Sony DADC, and Anderson Merchandisers, L.P., 5601 Granite Parkway, Suite 1400, Plano, TX 75024, dated January 31, 2012.

- Services Agreement: Distribution and Transportation Management between UMG Commercial Services, Inc., 2220 Colorado Avenue, Santa Monica, CA 90404 and Direct Shot Distributing, Inc., 2001 Commerce Parkway, Franklin, IN 46131, dated March 23, 2017.

- Digital Product Agreement between UMG Recordings Services, Inc., 2220 Colorado Avenue, Santa Monica, CA 90404 ("UMG Recordings Services") and Spotify AB, Birger Jarlsgatan 61, 113 56 Stockholm, Sweden, and Spotify USA, Inc., 45 West 18th Street, New York, NY 10011.

- Full Catalog Interactive Streaming and Conditional Download Agreement between UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404, UMG Recordings Services, Universal Music LLC, and Amazon Digital Services LLC, Amazon Media EU S.a.r.l, and Samzon.com Int'l Sales, Inc. 410 Terry Avenue North, Seattle, WA 98109.

- Interactive Streaming and Conditional Download Music Service Agreement between UMG Recordings Services and Amazon Digital Services LLC, Amazon Media EU S.a.r.l, and Samzon.com Int'l Sales, Inc. 410 Terry Avenue North, Seattle, WA 98109.

- Subscription and Linear Radio Agreement between UMG Recordings Services and Apple, Inc., Apple Distribution International, Apple Pty Limited, iTunes K.K., 1 Infinite Loop, MS 163-4ISM, Cupertino, CA 95014.

- Sound Recording and Audiovisual Content License between UMG Recordings Services and Google LLC, 1600 Amphitheatre Parkway, Mountain View, CA 94043, Google Ireland Ltd., Google Commerce Ltd., Gordon House, Barrow Street, Dublin 4, Ireland.

- Digital Product Agreement between UMG Recordings Services, Universal Music Canada, Inc., 2450 Victoria Park Avenue, Suite 1, Toronto, ON M2J 5H3, and Pandora Media, Inc. and Pandora Media California, LLC, 2101 Webster Street, Suite 1650,

Oakland, CA 94612, and Pandora Hong Kong Limited, Clarson Services, 18th Floor, Edinburgh Tower, The Landmark, 15 Queen's Road Central, Hong Kong.

- Digital Product Agreement between UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404, and iHeart Communications, Inc., 125 W. 55th Street, 11th Floor, New York, NY 10019.

UMG Recordings also has identified and located the following synchronization licenses it issued with respect to the *Starboy* sound recording:

- Master Use License Agreement between Universal Music Enterprises, a division of UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404 and Harmonix Music Systems, Inc., 625 Massachusetts Avenue, 2nd Floor, Cambridge, MA 02139, dated February 8, 2017.

- License Agreement between Universal Music Enterprises, a division of UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404 and ESPN, Inc., ESPN Plaza, Bristol, CT 06010, dated January 17, 2017.

- License Agreement between Universal Music Enterprises, a division of UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404 and WAD Productions, Inc. c/o Evan M. Greenspan, Inc., 4181 Sunswept Drive, 2nd Floor, Studio City, CA 91604, dated February 9, 2017.

- License Agreement between Universal Music Enterprises, a division of UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404 and NFL Network, 10950 Washington Blvd., Culver City, CA 90232, dated March 14, 2017.

- License Agreement between Universal Music Enterprises, a division of UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404 and NBC Subsidiary

(KNBC-TV), LLC, 4181 Sunswept Drive, 2nd Floor, Studio City, CA 91604, dated March 17, 2017.

- License Agreement between Universal Music Enterprises, a division of UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404 and WAD Productions, Inc. c/o Evan M. Greenspan, Inc., 4181 Sunswept Drive, 2nd Floor, Studio City, CA 91604, dated April 14, 2017.

- License Agreement between Universal Music Enterprises, a division of UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404 and Victoria's Secret Stores Brand Management Inc., 4 Limited Parkway, Reynoldsburg, OH 43068, dated April 19, 2017.

- License Agreement between Universal Music Enterprises, a division of UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404 and Fox Sports Productions, Inc. c/o Fox Sports Music, 2121 Avenue of the Stars, 12th Floor, 1278A, Los Angeles, CA 90064, dated May 8, 2017.

- License Agreement between Universal Music Enterprises, a division of UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404 and WAD Productions, Inc. c/o Evan M. Greenspan, Inc., 4181 Sunswept Drive, 2nd Floor, Studio City, CA 91604, dated June 5, 2017.

- License Agreement between Universal Music Enterprises, a division of UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404 and Fox Sports Productions, Inc. c/o Fox Sports Music, 2121 Avenue of the Stars, 12th Floor, 1278A, Los Angeles, CA 90064, dated June 7, 2017.

9

- License Agreement between Universal Music Enterprises, a division of UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404 and Finnmax LLC, 245 N. Beverly Drive, 3rd Floor, Beverly Hills, CA 90404, dated October 10, 2017.

- License Agreement between Universal Music Enterprises, a division of UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404 and Dance Nation Productions, Inc., c/o Dick Clark Productions, Inc., 2900 Olympic Blvd., Santa Monica, CA 90404, dated December 12, 2017.

- License Agreement between Universal Music Enterprises, a division of UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404 and Marathon Productions Inc., 2900 Alameda Blvd., Burbank, CA 91505, dated November 1, 2017.

- License Agreement between Universal Music Enterprises, a division of UMG Recordings, 2220 Colorado Avenue, Santa Monica, CA 90404 and American Broadcasting Companies, Inc., 500 S. Buena Vista St., Burbank, CA 91521, dated March 28, 2018.

**INTERROGATORY NO. 2**

Identify any agreements involving or entered into by You that relate to the exploitation of Starboy in any form that includes a forum selection clause indicating that California is the agreed-upon forum.

**Response to Interrogatory No. 2**

UMG Recordings objects to this Interrogatory on the ground that it violates Rule 26.3 of the Local Civil Rules and that it seeks information that is protected by the privileges applicable to trade secrets or confidential business or financial information, the privacy privileges or interests of UMG Recordings or others or any other applicable privilege. UMG Recordings further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome and oppressive, violates

Federal Rule of Civil Procedure 26(b)(1) and, including by reason of Plaintiff's definition of "You" and this Interrogatory's request for information as to forum clauses, violates or contravenes the Court's November 15, 2018 order.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings respectfully refers Plaintiff to its response to Interrogatory No. 1, above.

## INTERROGATORY NO. 3

Identify any agreements involving or entered into by You that relate to the exploitation of the Starboy in any form that includes a forum selection clause indicating that New York is the agreed-upon forum.

## Response to Interrogatory No. 3

UMG Recordings objects to this Interrogatory on the ground that it violates Rule 26.3 of the Local Civil Rules and that it seeks information that is protected by the privileges applicable to trade secrets or confidential business or financial information, the privacy privileges or interests of UMG Recordings or others or any other applicable privilege. UMG Recordings further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome and oppressive, violates Federal Rule of Civil Procedure 26(b)(1) and, including by reason of Plaintiff's definition of "You" and this Interrogatory's request for information as to forum clauses, violates or contravenes the Court's November 15, 2018 order.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings respectfully refers Plaintiff to its response to Interrogatory No. 1, above.

## INTERROGATORY NO. 4

Identify all agreements of which You are aware that relate to the distribution, sale, or exploitation of Starboy in New York.

11

**Response to Interrogatory No. 4**

UMG Recordings objects to this Interrogatory on the ground that it violates Rule 26.3 of the Local Civil Rules and that it seeks information that is protected by the privileges applicable to trade secrets or confidential business or financial information, the privacy privileges or interests of UMG Recordings or others or any other applicable privilege. UMG Recordings further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome and oppressive, violates Federal Rule of Civil Procedure 26(b)(1) and, including by reason of Plaintiff's definition of "You," violates or contravenes the Court's November 15, 2018 order.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that it has entered into agreements that relate to the distribution, sale or other exploitation of *Starboy* throughout the United States and, excluding Canada, the world, but to the best of its knowledge and information it has not entered into any agreements that relate specifically to the distribution, sale, or exploitation of *Starboy* in New York.

**INTERROGATORY NO. 5**

Identify all agreements of which You are aware that relate to the pre-production, production, or post-production of Starboy.

**Response to Interrogatory No. 5**

UMG Recordings objects to this Interrogatory on the ground that it violates Rule 26.3 of the Local Civil Rules. UMG Recordings further objects to this Interrogatory on the ground that it, including by reason of Plaintiff's definition of "You," violates or contravenes the Court's November 15, 2018 order. UMG Recordings further objects to this Interrogatory on the grounds that it is uncertain and unintelligible insofar as the terms "pre-production," "production," and

"post-production" are terms of art in the motion picture and television production industry and are not used, and have no recognized meaning, in the music industry.

## INTERROGATORY NO. 6

Identify all of Your distributions and exploitations of Starboy in the State of New York, including each manner of exploitation and the number of relevant units distributed, streams, and tickets sold, the revenues received for the distributed units, streams, and tickets, the dates of the distribution, performance, or streaming, and the location of the recipients of the units, tickets, and streams.

### Response to Interrogatory No. 6

UMG Recordings objects to this Interrogatory on the ground that it violates Rule 26.3 of the Local Civil Rules and that it seeks information that is protected by the privileges applicable to trade secrets or confidential business or financial information, the privacy privileges or interests of UMG Recordings or others or any other applicable privilege. UMG Recordings further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome and oppressive, violates Federal Rule of Civil Procedure 26(b)(1) and, including by reason of Plaintiff's definition of "Your," violates or contravenes the Court's November 15, 2018 order.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that it did not sell tickets to performances of *Starboy* in New York and did not itself stream or distribute copies of *Starboy* to residents of New York, and that the distribution or exploitation of *Starboy* authorized by UMG Recordings is and has been throughout the United States and, excluding Canada, the world, not specifically to New York.

## INTERROGATORY NO. 7

Identify all transactions entered into by You from New York that relate to, involve, or reference Starboy.

13

**Response to Interrogatory No. 7**

UMG Recordings objects to this Interrogatory on the grounds it is vague and ambiguous as to the meaning of "transactions" and to the extent it exceeds the limited interrogatories permitted by the Court's November 27, 2018 order. UMG Recordings further objects to this Interrogatory on the ground that it violates Rule 26.3 of the Local Civil Rules and that it seeks information that is protected by the privileges applicable to trade secrets or confidential business or financial information, the privacy privileges or interests of UMG Recordings or others or any other applicable privilege. UMG Recordings further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome and oppressive, violates Federal Rule of Civil Procedure 26(b)(1) and, including by reason of Plaintiff's definition of "You," violates or contravenes the Court's November 15, 2018 order.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that its representative who signed the Distribution Agreement might have done so in New York but, in the limited time Plaintiff has provided for UMG Recordings to respond, it has not been able to determine where it was signed.

**INTERROGATORY NO. 8**

Identify all activities and obligations that You have carried out from or in New York that relate to, involve, or reference Starboy.

**Response to Interrogatory No. 8**

UMG Recordings objects to this Interrogatory on the grounds it is vague and ambiguous as to the meaning of "activities" and "obligations . . . carried out" and to the extent it exceeds the limited interrogatories permitted by the Court's November 27, 2018 order. UMG Recordings further objects to this Interrogatory on the ground that it violates Rule 26.3 of the Local Civil Rules

14

and that it seeks information that is protected by the privileges applicable to trade secrets or confidential business or financial information, the privacy privileges or interests of UMG Recordings or others or any other applicable privilege. UMG Recordings further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome and oppressive, violates Federal Rule of Civil Procedure 26(b)(1) and, including by reason of Plaintiff's definition of "You," violates or contravenes the Court's November 15, 2018 order.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that from or in New York, it arranged for the manufacture, marketing and distribution and licensing in some media, of *Starboy*.

## INTERROGATORY NO. 9

Did You ship or otherwise distribute copies of Starboy, in any format, to New York residents?

### Response to Interrogatory No. 9

UMG Recordings objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that it did not itself ship or otherwise distribute copies of *Starboy*, and that any shipping or distribution of *Starboy* licensed or authorized by UMG Recordings was to residents throughout the United States and, excluding Canada, the world.

## INTERROGATORY NO. 10

Did You market copies of Starboy, in any format, in New York?

15

**Response to Interrogatory No. 10**

UMG Recordings objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that from New York, as well as from California, it marketed *Starboy* throughout the United States and, excluding Canada, the world.

**INTERROGATORY NO. 11**

Did You sell copies of Starboy, in any format, to New York residents?

**Response to Interrogatory No. 11**

UMG Recordings objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.

Subject to and without waiving the foregoing general objections, UMG Recordings responds that it did not itself ship or otherwise distribute copies of *Starboy*, and that any sales of *Starboy* licensed or authorized by UMG Recordings were to residents throughout the United States and, excluding Canada, the world.

**INTERROGATORY NO. 12**

Identify all Persons to which You licensed Starboy.

**Response to Interrogatory No. 12**

UMG Recordings objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order. UMG Recordings further objects to this Interrogatory on the ground that it is duplicative of other preceding Interrogatories, including Interrogatory No. 1.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings respectfully refers Plaintiff to its response to Interrogatory No. 1, above.

**INTERROGATORY NO. 13**

Identify all Persons from which You licensed Starboy.

**Response to Interrogatory No. 13**

UMG Recordings objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order. UMG Recordings further objects to this Interrogatory on the ground that it is duplicative of other preceding Interrogatories, including Interrogatory No. 1.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that it licensed the sound recording *Starboy* from The Weeknd XO, LLC, pursuant to the Distribution Agreement, as thereafter amended.

**INTERROGATORY NO. 14**

Identify the state in which each Person with which You entered into a licensing agreement relating to or involving Starboy is located.

**Response to Interrogatory No. 14**

UMG Recordings objects to this Interrogatory on the ground that it imposes obligations beyond those required by Rule 26.3 of the Local Civil Rules. UMG Recordings further objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that it licensed *Starboy*

17

from residents of California, France, and Canada, and UMG Recordings respectfully refers Plaintiff to its response to Interrogatory No. 1, above.

## INTERROGATORY NO. 15

Identify all licensing agreements that You entered into that relate to, involve, or reference Starboy, stating whether each allows for Starboy to be exploited in New York.

### Response to Interrogatory No. 15

UMG Recordings objects to this Interrogatory on the ground that it imposes obligations beyond those required by Rule 26.3 of the Local Civil Rules. UMG Recordings further objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that, in addition to the Distribution Agreement, all of the domestic agreements and licenses it entered into and identified in response to Interrogatory No. 1, above, permit *Starboy* to be exploited throughout the United States, and not specifically in New York.

## INTERROGATORY NO. 16

Identify any performance rights agreements that You entered into that relate to, involve, or reference Starboy, stating whether their respective terms allow for the Starboy to be exploited in New York.

### Response to Interrogatory No. 16

UMG Recordings objects to this Interrogatory on the ground that it imposes obligations beyond those required by Rule 26.3 of the Local Civil Rules. UMG Recordings further objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.

18

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that it does not own or co-own the *Starboy* musical composition and, accordingly, would not have entered into a performance rights agreement, as that phrase is used in the music industry and UMG Recordings understands it.

**INTERROGATORY NO. 17**

Identify any agreements that allow for Starboy to be played on radio stations, television networks, or other platforms in New York.

**Response to Interrogatory No. 17**

UMG Recordings objects to this Interrogatory on the ground that it imposes obligations beyond those required by Rule 26.3 of the Local Civil Rules.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that it does not own or co-own the *Starboy* musical composition, and the performance rights in the United States associated with the *Starboy* sound recording are limited to digital audio transmission. UMG Recordings respectfully refers Plaintiff to its response to Interrogatory No. 1 for an identification of agreements with digital service providers as well as synchronization licenses, all of which permit the exploitation of *Starboy* throughout the United States.

**INTERROGATORY NO. 18**

Identify all agreements that relate to, arise from, or reflect the "mastering" of Starboy in New York.

**Response to Interrogatory No. 18**

UMG Recordings objects to this Interrogatory on the ground that it imposes obligations beyond those required by Rule 26.3 of the Local Civil Rules.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that *Starboy* was mastered at Sterling Sound in New York.

**INTERROGATORY NO. 19**

Identify all agreements that relate to, arise form, or reflect Your assigning any rights in the Starboy to ASCAP or any other organization, identifying the state in which each organization is located.

**Response to Interrogatory No. 19**

UMG Recordings objects to this Interrogatory on the ground that it imposes obligations beyond those required by Rule 26.3 of the Local Civil Rules.  UMG Recordings further objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that it does not own or co-own the *Starboy* musical composition and, accordingly, would not have assigned or licensed any rights to ASCAP or any other similar organization. UMG Recordings further responds that SoundExchange, a non-profit collective rights management organization located at 733 10th Street NW, 10th Floor, Washington, D.C. 20001, is authorized under the Copyright Act to collect and distribute digital performance royalties for sound recordings, including Starboy.

**INTERROGATORY NO. 20**

Identify any agreements under which You agreed to distribute, supply, or provide cop(ies) of Starboy to New York or New York residents.

**Response to Interrogatory No. 20**

UMG Recordings objects to this Interrogatory on the ground that it imposes obligations beyond those required by Rule 26.3 of the Local Civil Rules.  UMG Recordings further objects to

this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that pursuant to the Distribution Agreement, as amended, UMG Recordings agreed, subject to the terms and conditions of the Distribution Agreement, as amended, to provide services in connection with the distribution and licensing of phonorecords of sound recordings, including *Starboy*, throughout the United Stated and, excluding Canada, the world.

## INTERROGATORY NO. 21

Identify any agreements under which You agreed to distribute, supply, or provide a performance of Starboy in New York or for New York residents.

## Response to Interrogatory No. 21

UMG Recordings objects to this Interrogatory on the ground that it imposes obligations beyond those required by Rule 26.3 of the Local Civil Rules. UMG Recordings further objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order. UMG Recordings further objects to this Interrogatory on the ground that the phrase "distribute, supply, or provide a performance" renders this Request ambiguous.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that it did not enter into any agreements to distribute, supply, or provide any live performances of *Starboy* anywhere. To the extent this Interrogatory includes in its scope the sound recording of the studio performance of *Starboy*, UMG Recordings respectfully refers Plaintiff to its response to Interrogatory No. 20, above.

21

**INTERROGATORY NO. 22**

Did You enter into any agreements that allowed for Starboy to be streamed by New York residents?

**Response to Interrogatory No. 22**

UMG Recordings objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that it entered into agreements that allowed for the streaming of its recordings, including *Starboy*, throughout the United States and, excluding Canada, the world. UMG Recordings respectfully refers Plaintiff to its response to Interrogatory No. 1, above.

**INTERROGATORY NO. 23**

Did You enter into any agreements that allowed for copies of Starboy to be sold to New York residents.

**Response to Interrogatory No. 23**

UMG Recordings objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.

Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that it entered into agreements that allowed for phonorecords of its recordings, including *Starboy*, to be sold throughout the United States and, excluding Canada, the world.

**INTERROGATORY NO. 24**

Did You enter into any agreements that allowed for Starboy to be marketed to New York residents?

**Response to Interrogatory No. 24**

 UMG Recordings objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.

 Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that the Distribution Agreement, as amended, authorized it to market sound recordings, including *Starboy*, throughout the United States and, excluding Canada, the world.

**INTERROGATORY NO. 25**

Did You enter into any agreements that allowed for copies of Starboy to be distributed to New York residents?

**Response to Interrogatory No. 25**

 UMG Recordings objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order. Subject to and without waiving the foregoing objections and the General Objections above, which are incorporated herein by this reference, UMG Recordings responds that the Distribution Agreement, as amended, authorized it to market sound recordings, including *Starboy*, throughout the United States and, excluding Canada, the world.

**INTERROGATORY NO. 26**

Did You enter into any agreements that allowed for copies of Starboy to be shipped to New York residents?

**Response to Interrogatory No. 26**

 UMG Recordings objects to this Interrogatory on the grounds that it violates Federal Rule of Civil Procedure 33(a)(1). UMG Recordings further objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's

November 15, 2018 order.  UMG Recordings objects to this Interrogatory on the ground that it is duplicative of other preceding Interrogatories, including Interrogatories Nos. 1, 4 and 25.

**INTERROGATORY NO. 27**

Did You sell any copies of Starboy through independent brokers or retail merchants in New York?

**Response to Interrogatory No. 27**

UMG Recordings objects to this Interrogatory on the grounds that it violates Federal Rule of Civil Procedure 33(a)(1).  UMG Recordings further objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.  UMG Recordings further objects that this Interrogatory is vague and ambiguous.  UMG Recordings further objects to this Interrogatory on the ground that it is duplicative of other preceding Interrogatories, including Interrogatory No. 1.

**INTERROGATORY NO. 28**

Did You know that the distributor to which You provided copies of Starboy would distribute copies of Starboy in New York?

**Response to Interrogatory No. 28**

UMG Recordings objects to this Interrogatory on the grounds that it violates Federal Rule of Civil Procedure 33(a)(1).  UMG Recordings further objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.

**INTERROGATORY NO. 29**

Did You offer to sell copies of Starboy in New York?

**Response to Interrogatory No. 29**

UMG Recordings objects to this Interrogatory on the grounds that it violates Federal Rule of Civil Procedure 33(a)(1).  UMG Recordings further objects to this Interrogatory on the ground

that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order. UMG Recordings further objects that this Interrogatory is vague and ambiguous. UMG Recordings further objects to this Interrogatory on the ground that it is duplicative of other preceding Interrogatories, including Interrogatory Nos. 1, 9, 10 and 11.

**INTERROGATORY NO. 30**

Identify any agreements with any Persons that both apply to Starboy and include representations that the song infringes no copyright, indicating the state in which each contracting Person is located.

**Response to Interrogatory No. 30**

UMG Recordings objects to this Interrogatory on the grounds that it violates Federal Rule of Civil Procedure 33(a)(1). UMG Recordings further objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order. UMG Recordings further objects to this Interrogatory on the ground that it seeks information outside the scope of the limited jurisdictional discovery permitted by the Court.

**INTERROGATORY NO. 31**

When You distributed Starboy did you foresee residents of New York buying Starboy in any format?

**Response to Interrogatory No. 31**

UMG Recordings objects to this Interrogatory on the grounds that it violates Federal Rule of Civil Procedure 33(a)(1). UMG Recordings further objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.

**INTERROGATORY NO. 32**

When You distributed Starboy did you foresee residents of New York streaming Starboy online?

25

**Response to Interrogatory No. 32**

UMG Recordings objects to this Interrogatory on the grounds that it violates Federal Rule of Civil Procedure 33(a)(1). UMG Recordings further objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.

**INTERROGATORY NO. 33**

Did You enter into any agreements that related to the performance of Starboy in New York?

**Response to Interrogatory No. 33**

UMG Recordings objects to this Interrogatory on the grounds that it violates Federal Rule of Civil Procedure 33(a)(1). UMG Recordings further objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.

**INTERROGATORY NO. 34**

Identify any agreements under which You manufactured the products that included Starboy.

**Response to Interrogatory No. 34**

UMG Recordings objects to this Interrogatory on the grounds that it violates Federal Rule of Civil Procedure 33(a)(1). UMG Recordings further objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order. UMG Recordings further objects that the phrase "products that included Starboy" renders this Interrogatory vague and ambiguous.

**INTERROGATORY NO. 35**

Did You direct the manufacture of the products that included Starboy from New York?

**Response to Interrogatory No. 35**

UMG Recordings objects to this Interrogatory on the grounds that it violates Federal Rule of Civil Procedure 33(a)(1).  UMG Recordings further objects to this Interrogatory on the ground that, including by reason of Plaintiff's definition of "You," it violates or contravenes the Court's November 15, 2018 order.  UMG Recordings further objects that the phrase "products that included Starboy" renders this Interrogatory vague and ambiguous.

Dated: New York, New York
         December 4, 2018

DAVIS WRIGHT TREMAINE LLP

By: _____
Peter Anderson (admitted *pro hac vice*)
Marcia Paul
Amanda Levine
1251 Avenue of the Americas, 21st Floor
New York, NY  10020
Phone: (212) 489-8230
Fax: (212) 489-8340

<u>**VERIFICATION**</u>

STATE OF NEW YORK, COUNTY OF NEW YORK:

I have read the foregoing, and know its contents.

I am an officer or agent of UMG Recordings, Inc., which is a party to this action, and am authorized to make this Verification on its behalf. The matters stated in the foregoing document are either true of my own personal knowledge or I am informed and believe and on that ground state that they are true.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 4, 2018.

NICHOLAS TARDIF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
Yasmin Mohamed p/k/a Yasminah,           :
              Plaintiff,          :     Case No.  18-cv-8469 (JSR)
        - against -               :
Abel Makkonen Tesfaye p/k/a              :
The Weeknd; Guillaume Emmanuel de Homem- :
Christo and Thomas Bangalter p/k/a Daft Punk; :
Martin McKinney p/k/a Doc; Henry Walter p/k/a :
Cirkut; Jason Quenneville p/k/a DaHeala, XO :
Records, LLC; Republic Records; Universal :
Music Group; William Uschold p/k/a WILL U; :
Tyrone Dangerfield p/k/a TABOO!!; Squad   :
Music Group; and DOES 1-10,              :
            Defendants.          :
------------------------------------------------------ x

## CERTIFICATE OF SERVICE

    This is to certify that on this 4th day of December, 2018, a true and correct copy of the foregoing *Defendant UMG Recordings Inc.'s Responses and Objections to Plaintiff's Pre-Motion Interrogatories* was served on the following by U.S. mail, postage pre-paid, with a courtesy copy sent via electronic mail:

        Scott Alan Burroughs
        DONIGER / BURROUGHS
        231 Norman Avenue, Suite 413
        Brooklyn, NY 11222

        Steven T. Lowe
        Kris S. LeFan
        LOWE & ASSOCIATES
        8383 Wilshire Boulevard, Suite 1038
        Beverly Hills, California 90211

                    *Frank M. Romero*
                    Frank Romero