UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
Yasmin Mohamed p/k/a Yasminah,

      Plaintiff,

  v.

Abel Makkonen Tesfaye p/k/a The Weeknd;
Guillaume Emmanuel de Homem-Christo and
Thomas Bangalter p/k/a Daft Punk; Martin
McKinney p/k/a Doc; Henry Walter p/k/a Cirkut;
Jason Quenneville p/k/a DaHeala, XO Records,
LLC; Republic Records; Universal Music Group;
William Uschold p/k/a WILL U; Tyrone
Dangerfield p/k/a TABOO!!; Squad Music
Group; and DOES 1-10,

      Defendants.
------------------------------------------------------------ x

Case No. 18-cv-8469 (JSR)

**REPLY DECLARATION OF PETER J. ANDERSON
IN SUPPORT OF MOTION TO DISMISS OR TRANSFER**

  I, Peter J. Anderson, declare and state:

  1. I am a partner in the firm of Davis Wright Tremaine LLP, counsel for certain of the defendants in the above-captioned action. I am an attorney admitted to practice in the State of California and am admitted *pro hac vice* in this action. I am over the age of 18 and have personal knowledge of the following facts.

  2. This firm represents defendants Abel Tesfaye, Jason Quenneville, The Weeknd XO, LLC, and UMG Recordings, Inc., in this action. This reply declaration is submitted in support of the pending motion to dismiss or transfer.

  3. In his declaration in opposition to that motion, plaintiff's counsel, Scott Burroughs, Esq., states at paragraph 16, "I have attached as Exhibit 15 a true and correct copy of the settlement

executed between Tesfaye and the Squad Defendants." ECF No. 65, ¶ 2.  That is not true.  Exhibit 15 is an unsigned draft of a settlement agreement.  *See* ECF No. 65-15.

4.  That draft includes a New York choice of law and forum clause.  However, after the lawyer that plaintiff refers to in her complaint as "Squad's Lawyer," that is, Na'il Benjamin, Esq., insisted on California choice of law and Alameda, California, forum clauses, I, as a California lawyer, was consulted on behalf of Mr. Tesfaye.  As I stated in my declaration in support of the motion to dismiss or transfer, the signed settlement agreement provides that it is governed by the laws of the State of California and that "[a]ny legal action or proceeding arising from or relating to this agreement must be brought in the federal or state courts located in Alameda County, California (the 'California Courts') and not in any other court or jurisdiction."  Attached to this Declaration as **Exhibit 1** is a true and correct copy of the Settlement Agreement, from which the monetary provisions have been redacted, and I respectfully refer the Court to paragraph 7 at pages 5–6.

5.  Plaintiff states at page 24 of her Opposition that settling with her co-authors was "nefarious."  The signed Settlement Agreement includes the express confirmation by those who plaintiff's Complaint refers to as the "Squad Defendants" – Mr. Uschold, Mr. Dangerfield and Squad Music, *see* Compl. ¶ 33 – that, among other things, they have the contractual right to settle the claims on their and plaintiff's behalf.  I respectfully refer the Court to paragraphs 12 and 18 at pages 6–8, of the Settlement Agreement (**Exhibit 1**).

6.  Plaintiff states at page 3 of her Opposition that Mr. Quenneville entered into a publishing agreement "for *Starboy* with SONGS/Kobalt, which is headquartered in New York."  Actually, in response to plaintiff's jurisdictional discovery:

(a) On November 25, 2018, I sent plaintiff's counsel, Mr. LeFan, among other documents, a copy of the first page of a Songs Music Publishing accounting and expressly advised him that it was produced with respect to Mr. Tesfaye.

(b) On November 27, 2018, I spoke with another of plaintiff's counsel, Mr. Lowe, and told him I would be sending him the first page of another accounting, identifying Mr. Quenneville's music publisher, and I then sent him a copy of an accounting rendered by Universal Music Corp.

7. Attached to this Declaration as **Exhibit 2** is a true and correct copy of the results of the search of the California Secretary of State's website, https://businesssearch.sos.ca.gov/, for Universal Music Corp. and identifying it as a Delaware corporation with its principal place of business at 2220 Colorado Avenue, Santa Monica, California, 90404. Attached as the indicated Exhibits are true and correct copies of the following documents I downloaded from the California Secretary of State's website:

(a) **Exhibit 3**: Universal Music Corp.'s Statement and Designation filed with the California Secretary of State on March 27, 2008, identifying Universal Music Corp.'s principal executive office as 2220 Colorado Avenue, Santa Monica, California, 90404;

(b) **Exhibit 4**: Universal Music Corp.'s Statement of Information filed with the California Secretary of State on March 27, 2017, identifying Universal Music Corp.'s principal executive office as 2220 Colorado Avenue, Santa Monica, California, 90404; and

(c) **Exhibit 5**: Universal Music Corp.'s Statement of Information filed with the California Secretary of State on March 14, 2018, and indicating no change in the information in the preceding Statement of Information.

8. Attached to this Declaration as **Exhibit 6** is a true and correct certified copy of the Certificate of Formation of The Weeknd XO US, LLC.

9. Attached to this Declaration as **Exhibit 7** is a true and correct highlighted copy of the complete Quenneville deposition transcript.

10. Attached to this Declaration as **Exhibit 8** is a true and correct highlighted copy of the complete Tesfaye deposition transcript.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 14, 2018.

                                                        */s/ Peter Anderson*
                                                   PETER J. ANDERSON